RICHARD O. FOREST, Respondent, v. ELLIOTT TRUCK & TRACTOR SALES, INC., et al., Appellants.— AULISI, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 1, 1967, in Sullivan County, upon the decision of the court at Trial Term. The trial court found that on February 24, 1965, plaintiff made an even exchange of a 1963 truck, which had been sold to him a few months earlier by defendant corporation, for a 1962 automobile which the corporation had recently reacquired as a result of repossession proceedings. At the time, plaintiff had been employed by the corporation as a mechanic for a few months following his discharge from the United States Marine Corps. Plaintiff at the trial testified that he was induced to make the trade by the representation of the individual defendant, vice-president of the corporation and concededly a person possessed of substantial expertise in the valuation of cars and trucks, that the vehicles were equal in value. Plaintiff's expert witness, whose qualifications were conceded, testified that at the time of the trade plaintiff's truck was worth approximately $1,000 more than the car for which it was traded. Defendant testified that he had not represented to the plaintiff that the vehicles were of equal value, but that in fact they were of approximately equal value. In view of the employer-employee relationship existing between plaintiff and

defendants, together with the fact that the individual defendant possessed conceded expertise in valuation while the plaintiff did not, we cannot say that a fraudulent opinion as to the value of the vehicles could not provide a basis for liability (see *Schumaker* v. *Mather*, 133 N. Y. 590; *Merry Realty Co.* v. *Martin*, 103 Misc. 9, affd. *sub nom. Merry Realty Co.* v. *Shamokin & Hollis Real Estate Co.*, 186 App. Div. 538, revd. on other grounds, 230 N. Y. 316). Thus, the trial court was faced with questions of fact as to the making of the representations and the values of the vehicles. These questions had to be resolved by its determination of the credibility of the witnesses and such determination will not be reversed upon appeal. Appellants also challenge the valuation of the vehicles made by plaintiff's expert in response to a hypothetical question. Opportunity was afforded at the trial during cross-examination to discredit this testimony. Furthermore, the question of credibility was resolved by the trier of the facts in favor of the plaintiff and cannot be overturned upon the record here (see Richardson, Evidence [9th ed.], p. 384). Judgment affirmed, with costs. Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.; Herlihy, J. P., and Staley, Jr., J., dissent and vote to reverse and dismiss the complaint in a memorandum by Herlihy, J. P. Herlihy, J. P. (dissenting). This is an action to recover damages in fraud based upon an alleged misrepresentation by the appellant Richard Elliott. As a general proposition the applicable rule is as follows: "Upon the question of value the purchaser must rely upon his own judgment; and it is his folly to rely upon the representation of the vendor in that respect". (*Ellis* v. *Andrews*, 56 N. Y. 83, 86.) The majority assert that the employer-employee relationship coupled with the expertise of Elliott is sufficient to take the present case out of a situation of mere opinion. *Schumaker* v. *Mather* (133 N. Y. 590, 596), relied upon by the majority, stands for the proposition that a misrepresentation as to an extrinsic fact affecting value can constitute a fraudulent misrepresentation. The present case does not show any misrepresentation as to an extrinsic fact affecting value. In the case of *Merry Realty Co.* v. *Martin* (103 Misc. 9, 12, 13, affd. *sub nom. Merry Realty Co.* v. *Shamokin & Hollis Real Estate Co.*, 186 App. Div. 538, revd. on other grounds 230 N. Y. 316), also relied upon by the majority, the trial court found not merely a misrepresentation as to value, but trickery and deceit as to the true interest of a real estate broker. In the present case there was no deceit as to the interest of Elliott. The relationship of the parties herein does not appear to be of such a nature as to support a conclusion of trust and confidence. The record neither shows any pressure applied by the employer nor any testimony by Forest that he was in any way induced to purchase because of such relationship. (Cf. *Nash* v. *Gay Apparel Corp.*, 27 Misc 2d 903, 904, affd. 13 A D 2d 942.) Upon the question of Elliott being an expert in the value of secondhand vehicles, the same expertise would be true of anyone engaged in buying and selling personal property. It is common knowledge that a market exists for used vehicles and that the market values of the same can be easily checked by newspaper advertisements and/or visits to car lots. The present record establishes merely an opinion as to value which in and of itself is not actionable as a matter of law. Assuming that the alleged misrepresentation was actionable, the respondent has nevertheless failed to make out a cause of action. A fraudulent misrepresentation must induce a change in position or there is no injury to the vendee. The present record contains no testimony by the plaintiff to the effect that he parted with his vehicle because he thought he was getting a vehicle of *equal* value. The only reasonable conclusion from the present record is that the respondent desired to trade his vehicle even (i.e. without

cash) for the vehicle owned by the appellant corporation and that the actual market value was of little or no consequence to him. The respondent's intention is expressed as follows: " Q. You had approached Mr. Elliott to ask him if he would take the Scout [respondent's vehicle] in trade for this 1962 Hawk; is that not correct? A. Yes." Upon rebuttal the respondent testified as follows: " Q. Did you ever request of Mr. Elliott, on any of these three or four days, what the value of the car was? A. Yes. Q. What words did you use? A. I asked him what he had to get for the Studebaker and he told me $2,200. Q. Did you ask him whether the car was worth that $2,200? A. No. Q. Did he ever indicate to you what the car was worth other than to say he had to get $2,200? A. No." The judgment should be reversed, on the law and the facts, and the complaint dismissed for failure to prove a cause of action based upon fraud.