CHASE MANHATTAN BANK, N. A. (as Successor by Merger with CHASE MANHATTAN BANK OF WESTERN NEW YORK, N. A.), Appellant-Respondent, v MILDRED PERLA, Respondent, and SAMUEL C. PERLA, Appellant.

Fourth Department, December 15, 1978

**APPEARANCES OF COUNSEL**

*Mahoney, Berg & Cornell (Walter J. Mahoney* of counsel), for appellant-respondent.

*Jeffrey A. Perla* for appellant.

**OPINION OF THE COURT**

Simons, J.

Plaintiff bank seeks compensatory and punitive damages from defendants for fraud and conspiracy. Special Term dismissed the complaint for failure to state causes of action against defendant Mildred Perla and denied a similar motion to dismiss the complaint against her husband, attorney Samuel C. Perla. The parties have filed cross appeals. In reviewing Special Term's order, we follow established rules and accept

as true the allegations of the complaint, though defendants deny them.

In 1974 plaintiff loaned Ronald and Sharon Gordon $6,137.40 on an unsecured note. In August, 1975 the Gordons defaulted and plaintiff elected to accelerate maturity and demanded payment in full. Thereafter, defendant Samuel C. Perla notified plaintiff that he represented Mrs. Gordon and that by the terms of a recent divorce decree she was obligated to pay the note. He requested plaintiff to forebear suit representing to plaintiff that his client's real property was being sold and that plaintiff's debt would be paid in full from the proceeds of that sale. It is alleged in the complaint that this representation was false when made, that attorney Perla did not then intend that the proceeds from the sale of the house would be used to pay plaintiff, that the representation was made with the intent to deceive plaintiff and that plaintiff relied upon it to its damage.

Plaintiff further alleges that on September 25, 1975 defendant Samuel C. Perla, as the attorney for Mrs. Gordon, delivered to it his check for $209.58, which sum represented two monthly payments on the note, that at that time he represented falsely and fraudulently once again that the house was being sold and that the Gordons' note would be paid in full from the proceeds. The complaint then contains the following allegations: that on the same day that Samuel C. Perla forwarded this payment and made these representations to plaintiff, a deed was recorded in the Erie County Clerk's office conveying the Gordon property to his wife, defendant Mildred Perla, for a consideration of $29,700; that on December 31, 1975 plaintiff entered a default judgment on the note against the Gordons; that Mrs. Gordon has left the State of New York; that her husband, represented by defendant Samuel C. Perla, was adjudicated a bankrupt on February 23, 1976; and that in July, 1976 a deed was recorded by which defendant Mildred Perla conveyed the Gordon property to another for a consideration of $34,293.

Plaintiff alleges that it has been defrauded by defendants and that they conspired with the Gordons to deceive it and to deprive it of its judgment against the Gordons while the Gordons still owned the real property. It seeks compensatory damages of $4,483.80 and punitive damages of $100,000, together with incidental relief.

■ It is familiar law that a cause of action for fraud

requires proof of a representation of fact which is false and known to be false when made, which is offered to deceive another and with the intention to induce the other to act or refrain from acting, and proof of reliance upon the representation which causes injury *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119; *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 407).

Defendants contend that this complaint does not allege a cause of action in fraud as to defendant Samuel C. Perla because it does not allege a representation of fact by him but only a promise or statement of some intended future action and that it is insufficient as to defendant Mildred Perla because it does not allege any representation by her. Indeed, it is suggested that the allegations of the complaint do not even assert a promise of what attorney Perla would do, but merely a prediction of what he would recommend that his client should do if plaintiff refrained from taking a judgment on its note. We may disregard the contention that these representations were no more than a recitation of the advice recommended by an attorney to his clients or the promise of a client to his attorney (but, see, Restatement, Torts 2d, § 545, Comments *c* and *d* concerning representations of fact and the state of mind of third persons). The cause of action in fraud has not been asserted in that fashion. The allegations of the complaint are that attorney Perla represented that it was his intention (not that of his clients) to see that the note would be paid from the sale proceeds, and that it was he who injured plaintiff by his fraudulent acts.

Defendants correctly contend that representations of opinion or predictions of some thing which it is hoped or expected will occur in the future will not sustain an action for fraud *(Channel Master Corp. v Aluminum Ltd. Sales, supra,* p 408; *Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140, 144-145; 1 Harper and James, Torts, § 7.8). However, a statement concerning a future act which is made with the knowledge or intention that the act would not occur, as the complaint alleges that these representations were made, is deemed a statement of "a material existing fact sufficient to support a fraud action" *(Channel Master Corp. v Aluminum Ltd. Sales, supra,* p 407; *Sabo v Delman,* 3 NY2d 155, 159-160). Moreover, it is alleged not only that defendant Samuel C. Perla knew the statement was false when he made it and did not intend that the debt would be satisfied from the proceeds

of the sale, but it is also alleged that he repeated the representation at a time when he was making a payment on the note for his clients and on the same date that the conveyance to his wife was recorded. Not only were defendant's words or statements at odds with the truth but so was his conduct. Thus, representations which defendant contends were no more than opinion are alleged as representations of fact in the complaint not only because of the statements allegedly made but also because of the alleged fraudulent conduct.

■ Inasmuch as the complaint alleges a cause of action in fraud against Samuel C. Perla, it was erroneously dismissed as to his wife, for it charges that he acted as his wife's attorney and agent in acquiring the property in her name. If he did, she is liable as a principal for the fraudulent acts of her agent committed within the scope of his authority *(Fairchild v McMahon,* 139 NY 290). If he acted outside his authority, she is similarly liable if she later ratified his fraudulent acts and retained the benefits derived from them (see *Elwell v Chamberlin,* 31 NY 611, 619; *Bailey v Diamond Int. Corp.,* 47 AD2d 363, 367).

■ Defendants also challenge plaintiff's second cause of action which alleges that defendants conspired to injure plaintiff. We have held that a "civil conspiracy is a concern or combination to defraud or cause injury to persons or property which results in damage to * * * plaintiff", and if the complaint contains averments of such a conspiracy, coupled with allegations that the acts were committed with the specific intent to cause injury to plaintiff, it states a cause of action *(Wegmen v Dairylea Co-op.,* 50 AD2d 108, 114). This complaint alleges a cause of action in conspiracy.

■ Finally, defendants contend that plaintiff may not recover punitive damages. Generally, exemplary or punitive damages are recoverable in fraud actions as they are in other tort actions, depending upon defendant's degree of moral culpability (see *Borkowski v Borkowski,* 39 NY2d 982; and cf. *Walker v Sheldon,* 10 NY2d 401, 404-405). Since punitive damages are intended to punish the wrongdoer and deter others so inclined, their availability is measured by the severity of defendant's conduct and they may be awarded when the proof establishes that his conduct is gross, wanton or willful (see *Borkowski v Borkowski, supra; Le Mistral, Inc. v Columbia Broadcasting System,* 61 AD2d 491; Prosser, Torts [4th ed], § 2). Ordinarily fraud in removing property from a judgment

debtor's reach is not the type of gross or willful conduct involving moral culpability which will warrant the imposition of punitive damages *(James v Powell,* 19 NY2d 249, 260). The complaint here, however, alleges more than a fraudulent conveyance. It alleges that defendant Samuel C. Perla abused his professional status by repeated fraudulent representations to plaintiff to its detriment and for his own personal gain, and inferentially that he and his wife assisted in placing the property and the debtors beyond the reach of plaintiff. Upon proof of those allegations, the jury may consider whether defendants' conduct involved a degree of moral culpability warranting the assessment of punitive damages (see *Nardelli v Stamberg,* 44 NY2d 500, 503).

The order should be modified by reinstating the complaint against defendant Mildred Perla, and, as so modified, affirmed.

MARSH, P. J., SCHNEPP and WITMER, JJ., concur, MOULE, J., not participating.

Order unanimously modified, and, as modified, affirmed, without costs in accordance with opinion by SIMONS, J.