■ DOUGLAS R. HUTCHINS et al., Respondents-Appellants, v UTICA MUTUAL INSURANCE COMPANY et al., Appellants-Respondents. — Cross appeals from an order of the Supreme Court at Special Term (Amyot, J.), entered March 2, 1984 in Franklin County, which partially granted defendants' motion for summary judgment.

This action emanates from a motor vehicle accident in which the infant plaintiff Joseph D. Hutchins sustained grievous and extensive personal injuries, including amputation of the right leg below the knee, as the result of an intersection collision between a motorcycle, upon which the infant was a passenger, and an automobile (see *Hutchins v Gorlicki,* 92 AD2d 1000, mot for lv to app den 61 NY2d 608). In this action, plaintiffs seek to recover both compensatory and punitive damages against the casualty insurance carrier and its claims adjuster on the basis of fraud and negligent misrepresentation. Defendant Utica Mutual Insurance Company (Utica) insured both the motorcycle and the automobile, providing liability coverage of $10,000 and $100,000 per person, respectively. Defendant Theodore Wisner was assigned by Utica to investigate and negotiate both no-fault coverage payments and settlement of the personal injury and derivative claims.

Plaintiffs allege that Wisner advised them against consulting an attorney, and also that he stated "there was no way that the Town, State or Westville, or anybody else was at fault. No way Gorlicki was at fault." It is further alleged that Wisner subsequently stated to plaintiffs that "there was no sense getting a lawyer", and that plaintiffs "had a lot of time * * * until Joey was 21 years old" to commence a lawsuit, without mentioning the statutory time limitation on filing a notice of claim against the State, county and town (see General Municipal Law, § 50-e, subd 5; § 50-i, subd 1; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Plaintiffs contend that they were induced to refrain from obtaining legal counsel and consequently failed to file a timely notice of claim against the county. Following discovery, defendants moved for summary judgment dismissing the complaint. Special Term partially granted the motion to the extent of dismissing the cause of action for punitive damages. Both parties have appealed.

On this appeal, defendants urge that the representations of Wisner are not actionable as a matter of law since he was merely

expressing an opinion, and, in any event, reliance on his statements was not justifiable. Because we believe that genuine issues of fact exist as to both of these contentions, we conclude that Special Term properly denied defendants' motion to dismiss the causes of action sounding in fraud (see *Piccolo v De Carlo,* 90 AD2d 609, 610). Succinctly defined, an action premised on fraudulent representations must consist of a representation of a material existing fact, falsity, *scienter,* deception and injury (*Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 407). Contrary to defendants' argument, an expression of opinion may constitute fraud where a confidential relationship exists (*Matter of Levy,* 19 AD2d 413, 417; 24 NY Jur, Fraud and Deceit, § 39, pp 73-74). To establish a basis of liability, it must be shown that the person making the representation had, or held himself out as having, superior knowledge and recognized that the other person confided in him for guidance (see, e.g., *Forest v Elliott Truck & Tractor Sales,* 29 AD2d 1031, affd 23 NY2d 952).

Here, there is clearly a question of fact as to whether Wisner attempted to establish a relationship of trust with plaintiffs in an effort to induce a minimal settlement. A review of the record indicates that Wisner may have held himself out as an experienced adjuster, familiar with the legal ramifications of the accident, discouraged plaintiffs from retaining counsel, and attempted to influence their decision concerning settlement. Further, Wisner conceded that company policy forbade an adjuster from rendering legal advice to a claimant. Wisner's denial that he rendered such advice merely presented a credibility question of fact for a jury to resolve. In view of the relationship presented, defendant's representations concerning municipal liability and the Statute of Limitations can provide a basis for recovery. Nor can we agree that plaintiffs were not justified in relying upon these representations (see Restatement, Torts 2d, § 542). Given the relationship that existed between Wisner and plaintiffs, summary judgment on this basis would be inappropriate. Defendants are not shielded from liability for fraudulent representations because they had no legal duty to advise plaintiffs with respect to their potential claim against the municipality.

Defendants further urge that the causes of action based on negligent misrepresentation must fail since a "special relationship" between the parties has not been demonstrated (see *International Prods. Co. v Erie R.R. Co.,* 244 NY 331, 338). We disagree. To substantiate this cause of action, plaintiffs have the burden of establishing a duty on Wisner's part to provide correct information (*White v Guarente,* 43 NY2d 356, 362-363; *Raymond Corp. v Coopers & Lybrand,* 105 AD2d 926; 24 NY Jur, Fraud and Deceit, § 153, pp 218-219). As noted above, plaintiffs have

alleged that Wisner made certain negligent misrepresentations and that their reliance was justified, resulting in pecuniary loss. The existence of a "special relationship" between Wisner and plaintiffs presents a question of fact, not to be resolved at this preliminary stage of the proceedings (see *AFA Protective Systems v American Tel. & Tel. Co.*, 57 NY2d 912; *Raymond Corp. v Coopers & Lybrand, supra;* see, also, Restatement, Torts 2d, § 552).

Finally, we conclude that Special Term erred in dismissing plaintiff's request for punitive damages. Punitive damages are recoverable in an action based on fraud where the defendant's conduct evinces "a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker v Sheldon,* 10 NY2d 401, 405). Here, plaintiffs' actions are not grounded on a breach of contract (see *Halpin v Prudential Ins. Co.,* 48 NY2d 906), but on misrepresentations attributable to Wisner that effectively precluded a timely action against the County of Franklin. Considering the extent of the infant plaintiff's injuries and defendants' efforts to encourage a $12,500 settlement, a viable question of fact has been raised on the issue of punitive damages, to wit: whether defendants maliciously or recklessly discouraged plaintiffs from retaining counsel in order to promote a minimal settlement in favor of the insurer (see *Soucy v Greyhound Corp.,* 27 AD2d 112).

Order modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment on the issue of punitive damages; said motion denied in its entirety; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.