■ GARY GREEN, Respondent, v IRA H. LEIBOWITZ et al., Appellants.—In an action to recover damages, *inter alia,* for legal malpractice and fraud, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated December 21, 1984, as denied their motion to dismiss each of the plaintiff's causes of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and (2) from so much of an order of the same court, dated March 15, 1985, as, in effect, upon reargument, adhered to its original determination with respect to the causes of action to recover damages for infliction of emotional distress, denied those branches of the defendants' motion which were to dismiss the plaintiff's cause of action, contained in his amended complaint, sounding in fraud, and to strike the demand for punitive damages.

Appeal from the order dated December 21, 1984 dismissed, without costs or disbursements. That order was superseded by the order dated March 15, 1985, made upon reargument.

Order dated March 15, 1985 modified, on the law, by deleting the provision thereof which adhered to its original determination with respect to the causes of action to recover damages for infliction of emotional distress and substituting therefor a provision granting the defendants' motion insofar as it is for dismissal of those causes of action. As so modified, order dated March 15, 1985 affirmed, insofar as appealed from. Order dated December 21, 1984 modified accordingly.

The defendants are awarded one bill of costs.

It is fundamental that a complaint will not be dismissed on motion pursuant to CPLR 3211 (a) (7) so long as, giving the plaintiff the benefit of every possible favorable inference, a cause of action is stated *(see, e.g., Holly v Pennysaver Corp.,* 98 AD2d 570, 571-572). If the complaint is sufficient on its face, the motion will be denied *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634). We presume, for purpose of these appeals, that the plaintiff's allegations are true *(see, Cohn v Lionel Corp.,* 21 NY2d 559, 562).

Insofar as the plaintiff claims damages for emotional distress, the complaint fails to state a cause of action for either an intentional or negligent infliction of emotional distress.

As a broad principle, recovery may be had for the intentional infliction of emotional distress where " 'one who, without just cause or excuse, and beyond all the bounds of decency, purposely causes a disturbance of another's mental and emotional tranquility of so acute a nature that harmful physi-

cal consequences might be not unlikely to result * * * even though no demonstrable physical consequences actually ensue' " *(Clark v Associated Retail Credit Men,* 105 F2d 62, 65, quoting Magruder, *Mental and Emotional Disturbance in the Law of Torts,* 49 Harv L Rev 1033, 1058). The gravamen of a cause of action for the intentional infliction of emotional distress is that the conduct complained of "is especially calculated to cause, and does cause, mental distress of a very serious kind" (Prosser and Keeton, Torts § 12, at 60 [5th ed], and cases cited therein). The conduct complained of in the case at bar, viz., intentional misrepresentations concerning the status and filing of the plaintiff's disability claim, does not rise to a level of "extreme outrage", nor does it exceed "all bounds usually tolerated by decent society" (Prosser and Keeton, Torts § 12, at 60 [5th ed]; *cf. Sherbak v Doughty,* 72 AD2d 548). Nor can the plaintiff's factual allegations support a claim that the defendants' conduct was "especially calculated to cause" emotional distress (Prosser and Keeton, Torts § 12, at 60 [5th ed]).

We also reject the plaintiff's contention that recovery may be had for the negligent infliction of emotional distress whenever a direct duty to the plaintiff is owed and a breach of that duty results in emotional injury. While the plaintiff is correct in stating that in New York, physical injury is no longer a necessary element of a cause of action to recover damages for negligent infliction of emotional distress *(see, e.g., Kennedy v McKesson Co.,* 58 NY2d 500, 504), nevertheless, we have never recognized a cause of action as broad as that asserted by the plaintiff, which would indeed encompass the ordinary case of legal malpractice. While physical injury is no longer a necessary element, the cause of action must, nevertheless, be premised upon a breach of duty which "unreasonably endanger[s] the plaintiff's physical safety" *(Bovsun v Sanperi,* 61 NY2d 219, 229; *see also, Kennedy v McKesson Co., supra* [while the plaintiff was allowed to seek recovery of pecuniary losses, recovery for emotional disturbance was denied as he had not been exposed to risk of bodily harm by the negligence of the defendant]; *Becker v Schwartz,* 46 NY2d 401 [the plaintiffs were not exposed to bodily harm, but were allowed to seek recovery for pecuniary losses sustained in consequence of the defendant's breach of due care owed to them in that regard]; *Battalla v State of New York,* 10 NY2d 237 [damages are recoverable for psychic injury caused by fear for one's own physical safety]). Nor does the plaintiff's claim come within the recognized exception to the foregoing which permits recov-

ery for emotional harm to a close relative resulting from the negligent failure to deliver a corpse, or the negligent delivery of a false message of death (see, Lando v State of New York, 39 NY2d 803; Johnson v State of New York, 37 NY2d 378). Accordingly, while the plaintiff may recover for any pecuniary loss suffered as a result of the defendants' malpractice or negligence, he may not recover for psychic injury, as the defendants' alleged breach of duty to the plaintiff did not put him in danger of physical harm.

Turning to the defendants' claim that the plaintiff has failed to state a cause of action to recover damages for fraud, we agree with Special Term that the elements of fraud are sufficiently pleaded in the amended complaint. Those elements include a representation of fact, which is false and known to be false when made, offered to deceive another with the intention to induce the other to act or refrain from acting, and reliance upon the representation which causes injury (see, Chase Manhattan Bank v Perla, 65 AD2d 207, 210; see also, Brown v Lockwood, 76 AD2d 721, 730). Furthermore, although punitive damages are not ordinarily recoverable in an action for fraud, "where the wrong involves some violation of duty springing from a relation of trust or confidence" (Oehlhof v Solomon, 73 App Div 329, 334), or where there is an abuse of professional status by repeated fraudulent representations (see, Chase Manhattan Bank v Perla, supra, at p 212), a jury may consider whether the defendant's degree of moral culpability warrants the assessment of punitive damages (cf. Judiciary Law § 487; Code of Professional Responsibility, DR 1-102 [A] [4]). Accordingly, we affirm Special Term's denial of those branches of the defendants' motion which were to dismiss the cause of action sounding in fraud, and to strike the request for punitive damages. We make no determination concerning the merits of the plaintiff's claims, as the motion to dismiss was addressed solely to the sufficiency of the complaint. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.