■ PICKARD & ANDERSON, Respondent-Appellant, v YOUNG

MEN'S CHRISTIAN ASSOCIATION AND WOMEN'S EDUCATIONAL AND INDUSTRIAL UNION OF AUBURN, NEW YORK, INC., et al., Appellants-Respondents.—Judgment unanimously reversed, on the law, with costs to defendants, and new trial granted. Memorandum: Defendants appeal from a judgment, following a jury trial, awarding plaintiff, an architectural and engineering firm, the balance of fees allegedly due on a contract for the renovation of the Auburn YMCA. Plaintiff computed its fees by multiplying the personnel costs of the project times a percentage. Defendant asserted counterclaims for negligent and intentional misrepresentation, alleging that William Anderson, a partner of plaintiff, represented to defendant that plaintiff's fees would not exceed 7.6% of the total cost of the renovation project, which the parties stipulated was $386,000. Plaintiff's total fees amounted to approximately $118,000 and defendant paid approximately $78,000, leaving a balance of approximately $40,000 which is the subject of plaintiff's claim. Prior to defense counsel's cross-examination of Mr. Anderson, the trial court granted plaintiff's motion to quash a subpoena duces tecum requesting plaintiff to produce billing records in six other projects which Anderson referred to in a letter dated April 13, 1982 as examples of fees plaintiff had charged on comparable projects.

This was error. The information requested in the subpoena duces tecum was material and relevant to the allegations of misrepresentation asserted in defendant's counterclaims. The relevancy of the subpoenaed documents is further supported by the fact that plaintiff's total fees far exceeded the fees Anderson represented were charged in the six referenced projects. Defendant could not effectively cross-examine Anderson without the requested information.

Plaintiff's claim that the subpoena was untimely is without merit. There is no time limit proscribing the use of a subpoena duces tecum (see, CPLR 2302 [a]), and plaintiff failed to demonstrate that honoring the subpoena would cause it prejudice or surprise.

Plaintiff's claim that the information requested was confidential and privileged also is without merit. There is no common-law or statutory privilege regarding information communicated between an architect or engineer and his client. The mere fact that the requested billing information may have been communicated in confidence does not create a privilege since "[n]o pledge of privacy nor oath of secrecy can avail against demand for the truth in a court of justice" (8

Wigmore, Evidence § 2286 [McNaughton rev ed 1961]; *see,* Richardson, Evidence § 458 [Prince 10th ed]).

The trial court also erred, as a matter of law, in charging that plaintiff could not be held liable on defendant's counterclaim of intentional misrepresentation for expression of an opinion. The court failed to charge that plaintiff could be liable for statements of opinion if plaintiff expressly guaranteed them, or if plaintiff had special knowledge or skill and knew that defendant relied upon plaintiff's opinion as an expert *(see generally,* 2 NY PJI 76-77 [Supp]; 24 NY Jur, Fraud and Deceit, § 36; *see also, National Conversion Corp. v Cedar Bldg. Corp.,* 23 NY2d 621; *Forest v Elliott Truck & Tractor Sales,* 29 AD2d 1031, *affd* 23 NY2d 952; *Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871, 872; *Stahl Equities Corp. v Prudential Bldg. Maintenance Corp.,* 95 AD2d 222, 229; *Chase Manhattan Bank v Perla,* 65 AD2d 207). (Appeals from judgment of Supreme Court, Cayuga County, Henry, J.—breach of contract.) Present—Dillon, P. J., Callahan, Doerr, Green and Pine, JJ.