■ PETER ALIO, Appellant, v WILLIAM M. SAPONARO et al., Defendants, and LOUIS M. KLEIN, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered June 10, 1986 in Ulster County, upon a decision of the court, without a jury, in favor of defendant Louis M. Klein.

The underlying action seeks recovery of the balance due on promissory notes given by defendants to plaintiff as part payment of the purchase price for plaintiff's machine shop business. Defendants William M. Saponaro and Daniel O'Connor have defaulted. Following a nonjury trial, Supreme Court dismissed the complaint based upon the defense by defendant

Louis M. Klein (hereinafter defendant) of fraud in the inducement.

On this appeal, plaintiff contends that defendant failed to prove the elements constituting fraud. To prevail, defendant has the burden of demonstrating by clear and convincing evidence *(see, Mix v Neff,* 99 AD2d 180, 183) five elements of fraud, consisting of "a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce [him] to act upon it, causing injury" *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119; *accord, Chase Manhattan Bank v Perla,* 65 AD2d 207, 209-210; 24 NY Jur, Fraud and Deceit, § 14, at 47-48 [1962]). Put in other words, the elements are representation of a material existing fact, falsity, scienter, deception and injury *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407). Review of Supreme Court's findings of fact must be in a light most favorable to sustain the judgment, which we will not disturb unless it is against the weight of the evidence or contrary to law *(see, Merrill Transp. Co. v State of New York,* 97 AD2d 921).

The testimony offered by defendant showed that plaintiff represented that Numerich Arms Corporation was his largest customer and that defendants would have no problem securing ample work from Numerich after the purchase. Plaintiff took O'Connor to the Numerich plant several times where he showed O'Connor which jobs were profitable. Defendants relied upon these representations. However, at this time, as testified to by Ira Trast, an officer of Numerich, plaintiff's business with Numerich was "almost nonexistent" due to several factors including the inferior quality of plaintiff's workmanship. In addition, plaintiff was indebted to Numerich and stated that he would be able to pay his debt out of the proceeds of the sale to defendants. Plaintiff offered no proof to counter or oppose the testimony of defendants' witnesses.

We find defendant's proof to be clear and convincing and sufficient to support Supreme Court's determination that plaintiff knowingly misrepresented the true value of the business in order to induce defendants to purchase the business, and that such misrepresentation of a material fact, relied upon by defendants, negated the consideration for which the promissory notes were given. Contrary to plaintiff's contention, the representations were neither merely expressions of opinion which proved to be false at a future time *(see, Chase Manhattan Bank v Perla, supra,* at 210), nor prophecy and

prediction of something hoped or expected to occur in the future *(Channel Master Corp. v Aluminium Ltd. Sales, supra,* at 408).

Having so found, it is unnecessary to consider the parties' remaining contentions.

Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.