■ JOHN M. KOAGEL et al., Respondents, v RYAN HOMES, INC., et al., Appellants.—Order unanimously reversed on the law without costs, motion granted, and complaint dismissed. Memorandum: Plaintiffs, the purchasers of a new home in one of defendants' subdivisions, brought suit alleging causes of action in fraud, negligence and deceptive business practices (General Business Law § 349). Plaintiffs contend that defendants' sales agent willfully and fraudulently misrepresented to them the future monthly tax liability on the property in order to induce the sale. For purposes of this appeal, defendants do not dispute that the sales representative estimated plaintiffs' real property taxes at approximately $125 per month.

The real estate transaction was closed on January 4, 1984. In 1984, plaintiffs paid school and property taxes totaling approximately $113.80 per month. In 1985, plaintiffs paid a total of $2,304.60 in taxes, equalling $192.05 per month. Defendants moved for summary judgment, arguing that their estimate of future tax liability was not actionable in fraud. Supreme Court denied the motion and, for the reasons that follow, we reverse.

A cause of action for fraud "requires proof of a representation of fact which is false and known to be false when made, which is offered to deceive another and with the intention to induce the other to act or refrain from acting, and proof of reliance upon the representation which causes injury" *(Chase Manhattan Bank v Perla,* 65 AD2d 207, 210). It is the general rule that representation of opinion or predictions of something which it is hoped or expected will occur in the future will not sustain an action for fraud *(Chase Manhattan Bank v Perla, supra).* " 'To constitute actionable fraud, the false representation relied upon must relate to a past or existing fact, or something equivalent thereto, as distinguished from a mere estimate or expression of opinion' " *(Benz v Kaderbeck,* 241 App Div 583, 585, quoting *Bareham & McFarland v Kane,* 228 App Div 396, 397-398; *see also, New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 164, *affd* 56 NY2d 1015).

Plaintiffs contend, nevertheless, that defendants' statement of opinion is actionable here because a confidential relation-

ship existed between the parties, and defendants had special knowledge or skill on the subject of future taxes, and knew that plaintiffs relied upon defendants' expert opinion *(see, Pickard & Anderson v Young Men's Christian Assn.,* 119 AD2d 976; *Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871; *Forest v Elliott Truck & Tractor Sales,* 29 AD2d 1031, *affd* 23 NY2d 952). The argument is without merit. There is no special relationship between these parties, and the information upon which the expression of opinion was based was equally available to both parties *(see, Magnaleasing, Inc. v Staten Is. Mall,* 428 F Supp 1039, 1042, *affd* 563 F2d 567). Defendants' projection of plaintiffs' future tax liability was merely an estimate and could only reasonably have been understood as such, given the volatility of tax rates and assessments. Consequently, the estimate of taxes cannot serve as the basis for claims of deliberate, negligent or unintentional misrepresentation *(see, New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 164, *affd* 56 NY2d 1015, *supra),* or of a deceptive business practice in violation of General Business Law § 349.

We conclude, therefore, that defendants established their defense "sufficiently to warrant the court as a matter of law in directing judgment" in their favor (CPLR 3212 [b]). Since plaintiffs failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425), defendants are entitled to summary judgment dismissing the complaint. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—summary judgment.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.