**John H. LAWRENCE, Sr., Plaintiff,**

v.

**CADE & SAUNDERS, P.C. and William J. Cade, Defendants.**

No. 92–CV–336.

United States District Court, N.D. New York.

April 21, 1993.

Harris, Beach & Wilcox, Albany, NY, for plaintiff; Joel L. Lindy, of counsel.

Roche, Corrigan, McCoy & Bush, Albany, NY, for defendants; Robert P. Roche, of counsel.

### MEMORANDUM–DECISION & ORDER

HURD, United States Magistrate Judge.

The defendants have moved pursuant to Federal Rules Civil Procedure 12(f), for an order striking so much of plaintiff's amended complaint as it seeks punitive damages.[1] Since the defendants seek to test the legal sufficiency of plaintiff's claim for punitive damages, the court will treat defendants' motion as one to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *See* C. Wright & A. Miller, Federal Practice and Procedure § 1380 (1990).

■ A claim or cause of action shall not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(2)(6), "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering a motion brought pursuant to Fed.R.Civ.P. 12(b), the Court must assume that all of the allegations in the complaint are true. *Id.* In reviewing the sufficiency of a complaint at the pleading stages, "[t]he issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Where a motion to dismiss is

made prior to any discovery or the filing of an answer, the Court is loath to dismiss the complaint regardless of whether the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief. *Wade v. Johnson Controls, Inc.*, 693 F.2d 19, 22 (2d Cir.1982); *see Egelston v. State University College at Geneseo*, 535 F.2d 752, 754 (2d Cir.1976).

The amended complaint alleges in Paragraph "40":

That the actions of the defendant, William J. Cade, in failing to retain the services of an orthopedic physician to testify as an expert in the plaintiff's negligence action against Dr. Robert Sadler, Dr. William Hawley, and The Cornwall Hospital; in failing to appear for trial on the date certain set by the trial court for the trial of plaintiff's action against Dr. Robert Sadler, Dr. William Hawley and The Cornwall Hospital; in allowing substitute counsel, who was not admitted to practice before on [sic] the trial court, to appear for trial on the plaintiff's behalf on the date certain set for the trial of the plaintiff's action against Dr. Robert Sadler, Dr. William Hawley, and The Cornwall Hospital, without informing the plaintiff of the same; and in allowing such substitute counsel to refuse to proceed with the trial of the plaintiff's action against Dr. Robert Sadler, Dr. William Hawley, and The Cornwall Hospital, which resulted in the dismissal of the plaintiff's action with prejudice, was gross and wanton conduct on the part of the defendant sufficient to entitle the plaintiff to an award of punitive damages.

The defendants have admitted the allegations of negligence, but have not admitted that their conduct was so gross or wanton as to entitle the plaintiff to an award of punitive damages.

■ The defendants argue that the loss, if any, to the plaintiff is personal to him, and is

---

1. Rule 12(f) allows a party by motion, or the court, upon its own initiative, to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Such a motion must be made before responding to the pleading. However, although the motion is untimely, in light of this court's determination that defendants' motion is more properly considered as a motion to dismiss for failure to state a claim upon which relief can be granted, defendants' motion will be deemed timely.

not such a public injury as would import an award of punitive damages. *Garrity v. Lyle Stuart, Inc.*, 40 N.Y.2d 354, 386 N.Y.S.2d 831, 353 N.E.2d 793 (1976). However, the New York Court of Appeals stated in *Borkowski v. Borkowski*, 39 N.Y.2d 982, 983, 387 N.Y.S.2d 233, 233, 355 N.E.2d 287 (1976), that "[i]t is not essential ... that punitive damages be allowed in a fraud case only where the acts had been aimed at the public generally."

Moreover, the Second Circuit, interpreting New York case law, observed that punitive damages may be awarded in cases in which the attorney's conduct "has constituted 'gross, wanton, or willful fraud or other morally culpable conduct' to an extreme degree." *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 371–372 (2d Cir.1988) (*citing Borkowski*, 39 N.Y.2d at 983, 387 N.Y.S.2d at 233, 355 N.E.2d 287).

> In addition, without explicitly relying on the concept of a wrong done to the public, [New York] state courts have found pleadings adequate to state a claim for punitive damages where "the wrong involves some violation of duty springing from a relation of trust or confidence," *Oehlohf v. Solomon*, 73 A.D. 329, 334, 76 N.Y.S. 716, 720 (dictum); or where an attorney "abused his professional status by repeated fraudulent representations to plaintiff [a creditor of his client] to its detriment and for his own personal gain" and assisted in placing collateral beyond the reach of the plaintiff, *Chase Manhattan Bank, N.A. v. Perla*, 65 A.D.2d 207, 209, 212, 411 N.Y.S.2d 66, 67–68, 69 (4th Dep't 1978); or where an attorney abused his professional status and breached his duty of trust and confidence by making repeated misrepresentations to his client, *Green v. Leibowitz*, 118 A.D.2d 756, 758, 500 N.Y.S.2d 146, 149 (2d Dep't 1986).

*Smith v. Lightning Bolt*, 861 F.2d at 372.

■ The plaintiff herein has alleged that the defendant attorney carried on a course of conduct which resulted in willful and intentional misrepresentations. In essence, plaintiff alleges that the defendant failed to obtain an expert witness for trial, and sent unprepared substitute trial counsel on the date certain for trial which resulted in the dismissal of his action on the merits. These allegations make out a prima facia case on the issue of punitive damages in a legal malpractice action. *Schonberger v. Serchuk*, 742 F.Supp. 108, 113–14 (S.D.N.Y.1990).

The defendants next argue that because they have admitted liability, the plaintiff is now restored to the same position he was in September 1991, when his case was dismissed with prejudice from the trial calendar in the Southern District of New York. Thus, the defendants contend that since plaintiff will not have to prove legal malpractice in this case, he has suffered no damages. Further, defendants allege that plaintiff will now have the same opportunity to prove medical malpractice against the Drs. Sadler and Hawley, and the Cornwall Hospital in this case, and receive the same compensation, if any, he would have received if his case had gone to trial in September 1991. Theoretically, this may be true. However, the complaint alleges much more than the defendants merely failing to appear and not being prepared to proceed to trial in September 1991. The complaint also alleges that the defendants were negligent in preparing and moving the case to trial.

At this point, it is impossible for this court to rule, as a matter of law, that plaintiff is now in the same position as if the defendants had not been negligent. The alleged malpractice of the doctors and hospital occurred in 1984–86. If the defendants had handled this case in a professional manner, it would have been completely prepared and ready to proceed to trial earlier than September 1991. Under those circumstances, it would have been presented to a jury in the Southern District of New York which traditionally has rendered higher verdicts than the Northern District of New York. The doctors and hospital would have been present in court as named defendants. Now plaintiff will be presenting his case to a jury in the Northern District of New York, and the doctors and hospital will not be present as named defendants. There has been a lapse of time which could result in further prejudice to the plaintiff. In any event, any judgment or monies he receives now, is at least two or three

years later than if the case had proceeded to trial in September 1991.

It is clear that because of the negligence of the defendants, even with the admission of liability, the plaintiff is certainly now in a different position than he would have been in if there had been no negligence. He may, in fact, presently be in a better position than if the case had proceeded to trial in September 1991. In particular, the case may now be better prepared for trial with regard to the expert witnesses. In order to sustain his claim for medical malpractice, the plaintiff may now benefit because the defendants will be without the active participation of the doctors and hospital and the assistance of their medical malpractice insurance carriers.

Finally, punitive damages are awarded, in the discretion of the trier of fact, to punish defendants and others like them, for their outrageous conduct, and to deter them from committing such acts in the future. Punitive damages are awarded only if the trier of fact finds that the defendants committed an act or acts maliciously or wantonly.[2] It is for the trier of fact to determine whether the defendants acted maliciously or wantonly.

At trial, the plaintiff has the burden of proving by a fair preponderance of the credible evidence that defendants acted maliciously or wantonly. If there is sufficient evidence to submit to the jury, it will then be for the trier of fact to consider whether the defendants may be adequately punished by an award of compensatory damages only, or whether their conduct was so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. Therefore, the defendants cannot escape liability for punitive damages simply by admitting legal malpractice. The jury may be required to decide that an award of punitive damages is still necessary to punish defendants.

The court can not rule as a matter of law that the punitive damages claim should be dismissed on the pleadings. The defendants' motion to strike the punitive damage claim is

denied without prejudice to renew at the close of plaintiff's case during the trial.

IT IS SO ORDERED.

---

**2.** An act is maliciously done if it is prompted by ill will or spite towards the plaintiff. An act is wantonly done if it is done in reckless or callous disregard of, or with indifference to, the rights of the plaintiff.