■ AMERICAN FOOD & VENDING CORP., Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant. [667 NYS2d 545] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, American Food & Vending Corp. (AFV), purchased the assets of ARA Services, Inc. (ARA). ARA had a contract with defendant, International Business Machines Corporation (IBM), to provide vending services to IBM's facilities in the Southern Tier region of New York State from June 1, 1994 through May 31, 1996. The agreement permitted either party to terminate the contract "for convenience" on 90-days' prior written notice. In September 1994, the agreement was amended to require an equipment update by ARA. ARA spent approximately $100,000 to comply with that amendment. At that time, ARA was negotiating with AFV for the sale of its assets and assignment of its contracts to AFV. The sale price reflected the cost of the updated equip-

ment at the IBM facilities. Representatives of AFV and IBM met to discuss the assignment of the vending services contract. At that meeting, IBM disclosed that it was considering a national bid package for its vending services, but indicated to AFV representatives that "there was nothing to worry about." By letter dated November 23, 1994, IBM consented to the assignment of the vending services agreement, with an amended termination for convenience provision. It stated that "IBM may terminate this agreement for convenience on thirty (60) [sic] days prior written notice to the Contractor." The sale and transfer was completed in December 1994.

IBM notified AFV in October 1995 that it had decided to enter into a national food and vending services agreement with another corporation. By letter dated November 4, 1995, IBM gave AFV a 30-day termination notice. AFV objected, contending that the amendment provided for a 60-day notice. IBM agreed and notified AFV that the agreement would terminate on January 4, 1996, approximately five months prior to the expiration date of the contract. AFV commenced this action seeking damages for fraud in the inducement, breach of contract and unjust enrichment.

Supreme Court erred in denying that part of IBM's motion for summary judgment dismissing the complaint. The complaint fails to state a cause of action for fraud because the alleged fraudulent representation by IBM's representative relied upon, viz., that a national vending contract was "most unlikely" and "there was nothing to worry about", was not a statement of fact, but an expression of opinion, which will not support an action for fraud (see, Koagel v Ryan Homes, 167 AD2d 822; Chase Manhattan Bank v Perla, 65 AD2d 207, 210). The cause of action for breach of contract likewise should have been dismissed because IBM submitted evidentiary proof in admissible form that it terminated the agreement in accordance with the termination for convenience provision of the agreement. "[A] termination notice which erroneously identifies the termination date is nonetheless sufficient to effect a termination as of the first proper termination date" (Kent & Sons v Helena Rubinstein, Inc., 47 NY2d 561, 563). AFV failed to state a cause of action for unjust enrichment because IBM did not keep the vending machines, and AFV collected the money from those machines while they were operating at IBM's facilities. We modify the order, therefore, by granting that part of IBM's motion for summary judgment dismissing the complaint. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Fraud.) Present—Green, J. P., Pine, Callahan and Fallon, JJ.