# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**379**

**CA 14-01334**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

VIOLET REALTY, INC.,
PLAINTIFF-APPELLANT-RESPONDENT,

                  V                                MEMORANDUM AND ORDER

GERSTER SALES & SERVICE, INC.,
DEFENDANT-RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

HISCOCK & BARCLAY, LLP, BUFFALO (MICHAEL E. FERDMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

MAGAVERN MAGAVERN GRIMM, LLP, NIAGARA FALLS (SEAN J. MACKENZIE OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered July 18, 2014. The order, inter alia, denied the motion of plaintiff for leave to renew, and denied the cross motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion, dismissing the complaint in its entirety, and granting defendant judgment on its counterclaim, and as modified the order is affirmed without costs.

Memorandum: In October 2010, plaintiff and defendant entered into a contract pursuant to which defendant sold and installed a boiler at a commercial property owned by plaintiff. When plaintiff discovered that the boiler was not producing the energy savings anticipated at the time the contract was entered, it ceased payments under the contract and commenced this action, alleging causes of action for fraudulent inducement, breach of warranty, and breach of contract. By the order in appeal No. 1, Supreme Court, inter alia, granted that part of defendant's motion seeking summary judgment dismissing the fraudulent inducement cause of action and denied plaintiff's cross motion for leave to amend the complaint. By the order at issue in appeal No. 2, the court, inter alia, denied plaintiff's motion for leave to renew with respect to the motion and cross motion at issue in appeal No. 1 and denied defendant's cross motion for summary judgment dismissing plaintiff's remaining causes of action and for summary judgment on its counterclaim.

In appeal No. 1, plaintiff contends that the court erred in

granting that part of defendant's motion for summary judgment dismissing the fraudulent inducement cause of action.  We reject that contention.  To meet its initial burden, defendant was required to demonstrate that it did not make a " 'material representation, known to be false, made with the intention of inducing reliance, upon which [plaintiff] actually relie[d], consequently sustaining a detriment' " (*Wright v Selle*, 27 AD3d 1065, 1067).  Defendant may also meet its initial burden by demonstrating that its statements were "opinion or predictions of something which it is hoped or expected will occur in the future" (*Koagel v Ryan Homes*, 167 AD2d 822, 822; *see American Food & Vending Corp. v International Bus. Machs. Corp.*, 245 AD2d 1089, 1090, *lv dismissed* 91 NY2d 956).  Here, defendant established that it provided plaintiff with mere predictive estimates of cost savings from the new boiler.  Plaintiff failed to meet its burden of raising an issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and plaintiff has not appealed from that part of the order denying its cross motion for leave to amend the complaint to replead that cause of action.  Plaintiff's contention that defendant's alleged misrepresentations are more than mere opinion, in part because plaintiff allegedly relied upon defendant's special knowledge, is raised for the first time on appeal and thus is not properly before us (*see generally Accadia Site Contr., Inc. v Erie County Water Auth.*, 115 AD3d 1351, 1351).

We reject plaintiff's contention in appeal No. 2 that the court erred in denying that part of its motion for leave to renew with respect to defendant's motion in appeal No. 1 inasmuch as plaintiff's submissions on that motion were " 'merely cumulative' " of its submissions in opposition to the original motion (*Giangrosso v Kummer Dev. Corp.*, 16 AD3d 1094, 1094), and thus leave to renew was not warranted (*see Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw*, 304 AD2d 668, 669).  We further conclude that the court properly denied that part of its motion for leave to renew with respect to its cross motion in appeal No. 1.  "Even assuming, arguendo, that plaintiff offered new facts in support of [that part of its] motion for leave to renew, we conclude that those 'new facts not offered on the prior [cross] motion . . . would [not] change the prior determination' " (*Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1628, quoting CPLR 2221 [e] [2]).

Finally, we agree with defendant in appeal No. 2 that the court erred in denying its cross motion for summary judgment dismissing the remaining causes of action, for breach of warranty and breach of contract, and for summary judgment on its counterclaim for breach of contract.  We therefore modify the order in appeal No. 2 accordingly.  Defendant met its initial burden by establishing the existence of a valid contract and that producing energy savings was not a requirement of that contract, and thus that there was no breach of that contract or the warranty provisions therein.  Defendant also established that plaintiff breached the contract by failing to pay the balance due (*see Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Ctr. for the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1455).  In opposition, plaintiff failed to meet its burden of raising an issue of fact to defeat the cross motion (*see generally Zuckerman*, 49 NY2d at

562).  Plaintiff's contention that the court properly denied the cross motion is based on new theories of liability that were raised for the first time in opposition to defendant's cross motion, and thus those theories of liability may not be considered to defeat the cross motion (*see McGrath v Bruce Bldrs., Inc*., 38 AD3d 1278, 1278-1279; *Marchetti v East Rochester Cent. Sch. Dist.*, 26 AD3d 881, 881).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court