**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA STITT; et al.,<br><br>    Plaintiffs-Appellants,<br><br>  v.<br><br>CITIBANK, N.A., a national association;<br>CITIMORTGAGE, INC., a New York<br>corporation,<br><br>    Defendants-Appellees. | No.   16-17008<br><br>D.C. No. 4:12-cv-03892-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted May 18, 2018
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[**] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

Appellants Gloria and Ronald Stitt and Mark and Terri Louise Zirlott appeal from three district court orders, entered in a case where they were complaining about post-default property inspections. On January 6, 2015, the district court entered an Order Granting Defendants' Motion to Dismiss Without Leave to Amend. On October 5, 2016, the district court entered an Order Granting Defendants' Motion for Summary Judgment. The same day, the district court entered an Order Denying Plaintiffs' Motion for Order of Entitlement to Catalyst Fee Award Under Cal. Code Civ. P. § 1021.5. We have jurisdiction under 28 U.S.C. § 1291 and affirm all three Orders.

I.

A dismissal of claims under Rule 12(b)(6) is reviewed de novo. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

The district court dismissed Appellants' federal claims, under 18 U.S.C. § 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act (RICO), because it determined that the First Amended Complaint failed to allege the existence of an "enterprise." A RICO enterprise is an "individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007) (en banc) (quoting 18 U.S.C. § 1961(4)). To state the existence of an associated-in-fact enterprise, a plaintiff must allege

2

facts to establish three elements: (1) "a common purpose of engaging in a course of conduct"; (2) "an ongoing organization, formal or informal"; and (3) "evidence that the various associates function as a continuing unit." *Id.* at 552.

Appellants argue that the district court erred when it held that Citibank, N.A. and CitiMortgage, Inc. (collectively, "Citi") did not form an enterprise with their third-party property inspection vendor, Safeguard Real Estate Properties, LLC ("Safeguard"). However, Appellants did not allege any facts showing that any combination of these entities existed together as a single unit with a common purpose. The First Amended Complaint alleges only that Citi instructed its vendor, Safeguard, to perform property inspections upon request. The mere existence of such a servicing contract between Citi and Safeguard does not establish a common purpose under RICO. By failing to plead an enterprise, Appellants did not state a plausible RICO claim under 18 U.S.C. § 1962(c) or (d). We therefore affirm the district court's Order dismissing the RICO counts.

## II.

Upon dismissing Appellants' RICO claims, the district court denied Appellants' request for leave to amend their pleading. Appellants appeal the district court's ruling.

A denial of a motion seeking leave to amend is reviewed for abuse of discretion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

3

Because Appellants' request for leave to amend was untimely under the district court's case management order, Appellants were required to establish "good cause" for their delay. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Appellants failed to present evidence to the district court showing good cause. They also did not propose additional factual allegations that would cure the pleading defects associated with their RICO claims. Accordingly, the district court did not abuse its discretion in denying Appellants' request for leave to amend.

III.

Appellants contend the district court erred by granting summary judgment on their remaining claims—for fraudulent misrepresentation and unjust enrichment.[1] A district court's grant of summary judgment is reviewed de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011).

The parties agree that New York law governs the Stitts' fraud claim and Alabama law governs the Zirlotts' fraud claims. Under both states' laws, a plaintiff may establish fraud by showing: (1) a material misrepresentation, (2) which defendants knew to be false, (3) made to induce the plaintiff's reliance, (4) justifiable reliance, and (5) injury. *See Mandarin Trading Ltd. v. Wildenstein*, 944

---

[1] Appellants previously pursued, but have since dropped, fraudulent concealment claims.

4

N.E.2d 1104, 1108 (N.Y. 2011); *Ex parte Ledford*, 761 So. 2d 990, 993 (Ala. 2000). Appellants' first fraud theory is that Citi charged borrowers for property inspections that Citi knew did not occur and for which there should have been no charge. In response, Citi cited evidence that Citi only charged Appellants for property inspection fees if Safeguard charged Citi for the same inspections. Appellants did not rebut this evidence.

Appellants next argue that Citi fraudulently invoiced Appellants for inspections it knew, under the terms of the mortgage instruments, were not "reasonable or appropriate." In effect, Appellants contend that Citi misrepresented that it was contractually authorized to pass along property inspection fees under the terms of the respective mortgages. The district court rejected this same argument by Appellants on the basis that fraud generally cannot be predicated on misrepresentations as to matters of opinion or law. The district court's conclusion is consistent with New York and Alabama law. *See Randolph Cty. v. Ala. Power Co.*, 784 F.2d 1067, 1070 (11th Cir. 1986), *as amended on denial of reh'g*, 798 F.2d 425 (11th Cir. 1986); *Koagel v. Ryan Homes, Inc.*, 562 N.Y.S.2d 312, 313 (App. Div. 1990) (mem.); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004). Appellants do not show that any exception to this general rule should apply. Nor do Appellants identify any express or implicit

misrepresentations by Citi that are actionable. We therefore conclude that the district court properly dismissed Appellants' fraud claims on summary judgment.

Additionally, Appellants contend that the district court erred by granting summary judgment on Appellants' unjust enrichment claim. Under New York and Alabama law, the basis for an unjust enrichment claim is that the defendant obtained a benefit that in "equity and good conscience" belongs to the plaintiff. *See Mandarin Trading,* 944 N.E.2d at 1110 (quoting *Paramount Film Distrib. Corp. v. State*, 285 N.E.2d 695, 698 (N.Y. 1972)); *Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185, 1193 (Ala. 2008). An unjust enrichment claim is rooted in the principle that a person should not be able to enrich himself unjustly at the expense of another. *Georgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012); *Flying J*, 12 So. 3d at 1193. But "an unjust enrichment claim is not available [when] it simply duplicates a conventional [breach of contract] or tort claim." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012); *see also Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272, 1278 (M.D. Ala. 2007) (citing *Am. Family Care, Inc. v. Irwin*, 571 So. 2d 1053, 1061 (Ala. 1990)).

Here, Appellants alleged that Citi was unjustly enriched by defrauding Appellants into paying contractual fees that were not due and owing. This claim is precluded because Appellants have an adequate remedy at law to contest these fees

under contract law. The unjust enrichment claim is also duplicative of Appellants' fraud claims. Because the district court found that there is no evidence of fraud, Appellants' unjust enrichment claim based on fraud also fails.

IV.

The district court's denial of a motion for attorney's fees is reviewed for abuse of discretion. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

Section 1021.5 of the California Code of Civil Procedure provides for an award of catalyst fees to successful plaintiffs.[2] To recover, plaintiffs must show: "(1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) that the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense . . . ; and, (3) that the plaintiffs reasonably attempted to settle the litigation prior to filing the lawsuit." *Tipton-Whittingham v. City of Los Angeles*, 101 P.3d 174, 177 (Cal. 2004). To have a catalytic effect, the lawsuit must be a "substantial causal factor" contributing to the defendant's change in conduct. *Graham v. DaimlerChrysler Corp.*, 101 P.3d 140, 156 (Cal. 2004).

A court may infer causation when a change in the defendant's conduct occurs after the filing of the lawsuit. *Hogar v. Cmty. Dev. Comm'n of Escondido*,

---

[2] We assume for the purposes of this discussion that catalyst fees could be available under California law even when non-California plaintiffs bring non-California claims.

69 Cal. Rptr. 3d 250, 257 (Ct. App. 2007). To determine whether such an inference should arise, courts look to "(a) the situation immediately prior to the commencement of suit, and (b) the situation today, and the role, if any, played by the litigation in effecting any changes between the two." *Id.* (quoting *Folsom v. Butte Cty. Ass'n of Gov'ts*, 652 P.2d 437, 449 n.31 (Cal. 1982)). If a plaintiff raises an inference of causation, the burden shifts to the defendant to offer rebuttal evidence. *Californians for Responsible Toxics Mgmt. v. Kizer*, 259 Cal. Rptr. 599, 603 (Ct. App. 1989).

The district court determined that two issues precluded Appellants from recovering catalyst fees. First, California law does not allow for an award of catalyst fees unless the precise condition that the plaintiff sought to remedy by its lawsuit is changed. *See Graham*, 101 P.3d at 155. Here, Appellants argue they caused Citi, in mid-2013, to reform its policy of automatically ordering property inspections and invoicing borrowers in default for the cost. The district court was unconvinced by this contention, because Appellants were largely arguing in mid-2013 that they sought to remedy Citi's alleged overcharges for inspections—not the frequency of inspections. By the time Appellants filed their First Amended Complaint to focus instead on Citi's previous automated-property-inspection policies, Citi had already reformed those policies.

Second, the district court determined that Citi reformed its inspection policies for reasons unrelated to this lawsuit. On April 4, 2012, another federal district court entered a consent judgment against Citi, under the National Mortgage Settlement ("NMS"). The NMS required Citi to reform its servicing standards to limit the frequency and circumstances under which it would charge delinquent borrowers for property inspections and other third-party fees. The NMS also required Citi to pay a penalty of more than $400 million for its prior actions. The instant lawsuit was filed after the NMS was entered. The district court therefore reasonably concluded that the NMS, rather than this lawsuit, caused Citi to amend its policies for ordering property inspections.

The district court did not abuse its discretion in denying Appellants' request for catalyst fees.

**AFFIRMED.**