■ SHARON A. SEEBOLD, Doing Business as SCHOHARIE VALLEY LANDSCAPING, Respondent, v HALMAR CONSTRUCTION CORPORATION et al., Appellants, et al., Defendant.—Mahoney, P. J. Appeal from an amended judgment of the Supreme Court (Hughes, J.), entered September 19, 1987 in Schoharie County, upon a decision of the court, without a jury, in favor of plaintiff.

Plaintiff was awarded a subcontract to rake topsoil and perform other work under defendant Halmar Construction Corporation's contract with the State to reconstruct a portion of the Taconic State Parkway. The subcontract provided that plaintiff would rake 4,620 square yards of topsoil at $1.25 per *square* yard for a total of $5,775. While work was progressing on the project, Halmar began paying plaintiff for raking topsoil at the rate of $1.25 per *cubic* yard. Plaintiff made some protest, the seriousness and dimensions of which are disputed, that payment was to be made per square yard as provided in the subcontract. In any event, it appears that plaintiff's raking proceeded and covered far in excess of the specified 4,620 square yards. Later, after Halmar spread some additional 2,365 cubic yards of topsoil due to a change order, plaintiff sought payment for raking this topsoil, but Halmar contends that plaintiff did not complete this raking.

After the work was completed, plaintiff filed a mechanic's lien based on the sums due for raking at $1.25 per square yard rather than cubic yard, including the change order topsoil. The difference between square and cubic yards is substantial because each cubic yard of topsoil covered 12 square yards so that the approximately 7,259 cubic yards of topsoil which were purchased by Halmar covered some 87,119 square yards. The lien was subsequently discharged when defendant Seaboard Surety Company issued a bond for the alleged underlying debt.

Plaintiff commenced this action to recover for work done but unpaid. Halmar answered and sought reformation of the

subcontract, which Halmar alleged mistakenly recited square yards rather than cubic yards contrary to the parties' original agreement, as well as damages resulting from plaintiff's filing of the lien. Following a nonjury trial, Supreme Court found, *inter alia,* that raking per square yard was the proper measurement and that plaintiff raked the change order topsoil for a total of 18.12 acres pursuant to Halmar's direction. Accordingly, Supreme Court awarded plaintiff $114,675 plus interest and dismissed Halmar's counterclaims. This appeal from the judgment entered thereon followed.

We first reject Halmar's claim that the subcontract should be reformed to specify cubic yards rather than square yards. The reformation of a contract is allowed only where mutual mistake or fraud is established by proof of the highest order *(Chimart Assocs. v Paul,* 66 NY2d 570, 573-574), which is generally accepted to mean clear and convincing evidence *(Ogdensburg Bldg. Supply v Lumber Mut. Ins. Co.,* 102 AD2d 960, 961). In this case, the proof was sharply disputed with plaintiff and her husband testifying that the raking proposal was made in square yards and Halmar's witnesses testifying to the contrary. There was expert testimony that raking work logically is computed by surface measurement, such as square yards, rather than by volume, such as cubic yards. It is also apparent that Halmar, an experienced contracting company, made the contract and, in reviewing it, executed numerous changes, but did not alter the raking item. On this record, there is simply not clear and convincing proof of mutual mistake or fraud and Supreme Court properly rejected Halmar's attempt to reform the subcontract.

We also reject Halmar's contention that plaintiff failed to prove that she raked the change order topsoil and, thus, is not entitled to payment for this work. Plaintiff's claim concerning the amount of raking done was supported by her husband's testimony that 18.12 acres were raked and other testimony that the majority of the area was raked. Halmar presented evidence to discredit plaintiff's witnesses. Since the evidence on this point was sharply contested, we defer to Supreme Court's assessment of credibility *(see, Matter of Liccione v John H.,* 65 NY2d 826, 827) and will not disturb the findings unless against the weight of the credible evidence or contrary to law *(see, Alio v Saponaro,* 133 AD2d 887, 888). We hold that Supreme Court's finding is sufficiently supported in the record.

Finally, we reject Halmar's claim that plaintiff's raking of the change order topsoil was extra work which cannot be paid for under the subcontract without a written agreement. Extra

work generally refers to work required by unanticipated conditions *(Savin Bros. v State of New York,* 62 AD2d 511, 516, *affd* 47 NY2d 934). Since plaintiff was hired to rake topsoil and advised by Halmar to rake all areas needing topsoil, raking the change order topsoil cannot be characterized as unanticipated. Thus, this raking was not extra work for which a written agreement was required.

Amended judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.