■ RICHARD EDDY, Appellant, v CHAMPLAIN MILK PRODUCERS COOPERATIVE, INC., Respondent. [630 NYS2d 427] —Yesawich Jr., J. Appeal from that part of an order and judgment of the Supreme Court (Plumadore, J.), entered May 25, 1994 in Clinton County, which, upon denying defendant's motion for summary judgment, limited the damages, if any, that could be assessed against defendant to a certain period of time.

Plaintiff, a milk hauler, seeks to recover fees allegedly due and owing pursuant to a four-year milk hauling agreement which ran until November 1992. In addition to establishing a set rate schedule for plaintiff's services, the contract also provided that plaintiff's hauling fees would be adjusted, by mutual agreement, in the event fuel oil prices increased or decreased substantially. From July 1988 through September 1991, plaintiff and defendant, on behalf of its dairy farmer members, performed their respective obligations, agreeing upon rate adjustments on several occasions.

In the summer of 1991, defendant's representatives apparently informed plaintiff that his charges were excessive and that if he did not lower his rates, defendant would have to use a different hauler to remain competitive in a tightening market. To this, plaintiff replied angrily, that if defendant were considering getting someone else to do its hauling, "maybe that's the man you should get". Despite this exchange, the parties continued to negotiate; indeed, plaintiff claims he offered at one point to decrease his rates in exchange for a two-year extension of the contract. In September 1991, however, defendant sought bids from other haulers, and although plaintiff also submitted a bid and subsequently offered to lower it if defendant would provide him with some tires, the parties were unable to reach an agreement, and defendant eventually contracted with another hauler. By letter dated October 4, 1991, defendant notified plaintiff that it was "releasing" him from their agreement, effective November 30, 1991, and plaintiff thereafter commenced this breach of contract action.

After issue was joined and discovery conducted, defendant moved for summary judgment. In denying defendant's motion, Supreme Court concluded that neither plaintiff's statement nor his participation in the bidding process evinced an unequivocal intent to waive his contractual rights. Nevertheless, the court found that under the terms of the contract, the release letter itself terminated defendant's obligations, and accordingly limited plaintiff's potential recovery to those damages, if any, that accrued prior to October 4, 1991. It is from this portion of the order and judgment that plaintiff appeals.

Plaintiff contends, and we agree, that the contract at issue was not "terminable at will" by either party, unilaterally. The contractual clause giving rise to this argument by defendant states that the agreement is to "bind[ ] both parties * * * for the duration unless a written release is given by the other party". The plain meaning of this language is that each party (e.g., defendant) is to be bound unless, and until, that party is released from its obligations by the *other* party (e.g., plaintiff). This construction flows naturally from the reference to the "other party" and from the accepted legal meaning of the term "release", which is "[t]he relinquishment * * * of a right * * * by the person in whom it exists or to whom it accrues" (Black's Law Dictionary 1289 [6th ed 1990]); given the words used, no other meaning can have reasonably been intended. Moreover, this interpretation comports with the parties' undisputed reason for entering into a written contract—previously the parties had an oral agreement—which was to provide plaintiff with a

guarantee of hauling work for a sufficient period of time to justify the purchase of several trucks used therein (*cf.*, *S & S Media v Vango Media*, 84 AD2d 356, 359-360).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order and judgment is modified, on the law, with costs to plaintiff, by deleting from each the paragraph that limited plaintiff's potential damages, and, as so modified, affirmed.