■ BRIAND PARENTEAU ASSOCIATES, INC., Respondent, v HMC ASSOCIATES et al., Appellants. [638 NYS2d 817] —White, J.

On November 19, 1986, defendant HMC Associates and plaintiff entered into a written agreement which provided for the development and sale of some 57 lots of real property in the Town of Bethlehem, Albany County. Under the contract, plaintiff was to be the builder of single-family residences on the property and HMC was obligated, *inter alia*, to perform with reasonable diligence all acts necessary to obtain approval of residential lots for which a building permit could be obtained and to complete with reasonable diligence the construction of necessary utility services and roadways providing ingress and egress into the property with the cost of same to be borne by HMC. The agreement further provided that said agreement would continue until all of the property acquired through the agreement shall have been developed or sold or otherwise disposed of, or until December 31, 1993, whichever occurred sooner, unless earlier terminated by mutual agreement in writing by both parties. It is undisputed that as of December 31, 1993, all the necessary approvals for the project had not been obtained and construction of streets and roadways into the property had not been completed.

Subsequently, plaintiff commenced this action alleging causes of action for breach of contract, reformation of said contract and fraud, and requested punitive damages. After issue was joined, defendants moved for summary judgment dismissing the complaint and for an order canceling the notice of pendency which had been filed by plaintiff. Supreme Court denied defendants' motion, prompting this appeal.

In support of the motion for summary judgment, defendant Norris MacFarland, a general partner of HMC, submitted an affidavit averring that HMC and the professional engineers it had hired worked diligently to obtain all the approvals necessary for the development and construction of the project, but despite these efforts an extension of the water district to service the project had not been approved and permits had not been obtained for portions of the land sought to be developed which were subject to Federal wetlands control. Thus, according to defendants, HMC acted with reasonable diligence and since the contract limits HMC's liability for the return of any deposit, defendants should be granted summary judgment.

Plaintiff contends there is a factual dispute regarding defendants' claim that they exercised reasonable diligence to obtain all required governmental approvals prior to December 31, 1993, particularly in light of their failure to obtain the water district extension and approval regarding State and Federal wetlands. Since the record does not support defendants' conten-

tion that plaintiff waived performance by HMC to obtain the requested relief, HMC must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557, 562).

The contract requires HMC to act with "reasonable diligence", which is a greater burden and creates a greater responsibility than a good-faith effort, which is an implied covenant in all contracts (*see, Kroboth v Brent*, 215 AD2d 813; *Blask v Miller*, 186 AD2d 958, 959). Although HMC details numerous steps taken by itself and its engineers between 1985 and 1993 to comply with the contract, the record indicates periods of time in which significant delays occurred which are unexplained and which plaintiff contends create questions of fact. We agree that factual questions have been raised which should be left for resolution by a jury (*see, Katz v Simon*, 216 AD2d 270; *Provost v Off Campus Apts. Co., II*, 211 AD2d 850, 851; *Bucciero v Jian Sheng Li*, 191 AD2d 887, 888).

Turning to the causes of action for reformation and fraud, we note that to properly plead a cause of action for fraud, the essential elements must be supported by factual allegations sufficient to satisfy the requirements of CPLR 3016 (b), which imposes a more stringent standard of pleading by providing that the circumstances constituting the alleged fraud must be stated in detail (*see, Pitcherello v Moray Homes*, 150 AD2d 860, 862; *Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778). Further, a cause of action for fraud does not arise when the only fraud charged relates to a breach of contract claim (*see, Lustig v Anywear, Inc.*, 145 AD2d 328, 329). As to the cause of action for reformation, it is clear that reformation of a contract should be allowed only where mutual mistake or fraud is clearly established, particularly when the negotiations were conducted by sophisticated, counseled business people (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 573-574; *Seebold v Halmar Constr. Corp.*, 146 AD2d 886, 887).

A review of plaintiff's pleadings reveals that the cause of action for fraud has not been pleaded in sufficient detail and that the cause of action for reformation relates solely to the breach of contract. Therefore, based on the above analysis, we find that plaintiff's causes of action for reformation and fraud should be dismissed. Accordingly, plaintiff's claim for punitive damages, which is premised upon the fraud cause of action, must also fall (*see, O'Dell v New York Prop. Ins. Underwriting Assn.*, 145 AD2d 791).

Thus, we modify the order of Supreme Court by granting defendants summary judgment on the second and fourth causes of action and, as so modified, affirm.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the second and fourth causes of action; motion granted to that extent, summary judgment awarded to defendants on the second and fourth causes of action and said claims dismissed; and, as so modified, affirmed.