■ RICHARD EDDY, Appellant, v CHAMPLAIN MILK PRODUCERS COOPERATIVE, INC., Respondent. [647 NYS2d 301] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dawson, J.), entered January 9, 1996 in Clinton County, which denied plaintiff's motion for summary judgment on the issue of liability.

This breach of contract action has previously been before this Court (218 AD2d 902). Briefly stated, plaintiff, a milk hauler, entered into a four-year written hauling agreement with defendant, which was to run until November 30, 1992. The agreement provided for adjustments upon mutual agreement of the parties when there was "a substantial change in fuel oil prices", and adjustments of that character were undertaken by the parties during the course of the contract term. In the summer of 1991, however, defendant's representatives expressed dissatisfaction with the current rates and a disagreement arose between the parties. Although the parties apparently continued to negotiate, defendant ultimately sought bids from other haulers, as well as plaintiff. Eventually, defendant contracted with another hauler and, in October 1991, sent a

letter to plaintiff purportedly "releas[ing]" him from the parties' agreement, effective November 30, 1991.

Following commencement of this action, defendant moved for summary judgment. Supreme Court denied this motion but also found that defendant's October 1991 letter terminated the agreement. Accordingly, the court limited plaintiff's potential recovery to those damages, if any, that accrued prior to the issuance of the letter. Plaintiff appealed this order and judgment insofar as it limited his potential damages. This Court determined that the hauling agreement was not "terminable at will" by either party unilaterally, and modified Supreme Court's determination by deleting reference to the limitation on plaintiff's potential damages *(see, supra,* at 903-904). Thereafter, plaintiff moved for summary judgment arguing, *inter alia,* that this Court's prior decision recognized that a contract existed between the parties that defendant had breached and implicitly determined that plaintiff was entitled to money damages as a result. Supreme Court denied the motion and this appeal by plaintiff followed.

Our prior decision made no determination, implicit or otherwise, concerning plaintiff's entitlement to summary judgment. That appeal was specifically limited by plaintiff to the issue of potential damages, if any, occasioned by Supreme Court's conclusion that defendant had the right to unilaterally terminate the agreement; that was the sole issue this Court addressed.

As for the present motion for summary judgment, examination of the record confirms that it was properly denied. Significantly, the hauling agreement, although allowing for rate adjustments arrived at mutually, provides no procedure for the settlement of disputes where a mutual agreement on this subject cannot be reached.

Moreover, there is a factual dispute over the nature of the disagreement that existed between the parties in the summer of 1991. Defendant's president stated that plaintiff was made aware of defendant's dissatisfaction with his current rates and plaintiff then told him to go ahead and find a cheaper hauler. Defendant claims that it tried to negotiate a fair price with plaintiff, but that he was unwilling to be reasonable. Plaintiff's version of the dispute is quite different. According to plaintiff, he was informed that defendant had already found someone who could do the job less expensively if plaintiff failed to agree to reduce his prices. Plaintiff argues that defendant, which drafted the agreement, did not undertake rate negotiations in good faith and attempted to use its superior bargaining posi-

tion to force plaintiff to accept a posture wholly to defendant's advantage. These, among other unresolved material factual issues, bear on the subjects of breach and reasonableness of the parties' conduct, which must be resolved by the trier of fact (*see, e.g., Briand Parenteau Assocs. v HMC Assocs.*, 225 AD2d 874, 876; *A-1 Gen. Contr. v River Mkt. Commodities*, 212 AD2d 897, 899).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.