### Brian KLEINBERG, Plaintiff,

v.

### RADIAN GROUP, INC. and Enhance Financial Services Group, Inc., Defendants.

### No. 01CIV.9295(RMB)GWG.

United States District Court, S.D. New York.

Dec. 12, 2002.

Kenneth W. Taber, C. Catherine Rimokh, Salans, New York City, for plaintiff.

John J. Kuster, Nicholas H. Baun, Sidley, Austin, Brown, & Wood, LLP, New York City, for defendant.

### ORDER

BERMAN, District Judge.

## I. Background

On October 22, 2001, Plaintiff Brian Kleinberg ("Plaintiff" or "Kleinberg") filed this action against Enhance Financial Services Group, Inc. ("Enhance") and the company that acquired Enhance, Radian Group, Inc. ("Radian") (collectively, "Defendants"). Plaintiff, formerly an Executive Vice President of Enhance and Chief Executive Officer of Singer Asset Finance Company, LLC ("Singer"), a wholly owned subsidiary of Enhance, alleges, *iter alia* that Defendants violated the terms of his employment agreement, dated March 23, 2000 ("Agreement"), in calculating his severance benefits.[1] On July 31, 2002, Defendants filed a motion to dismiss the (second amended) complaint herein ("Complaint")

1. The Agreement was formally entitled "Second Amended and Restated Change–in–Control Protection Agreement."

2. The Complaint includes four causes of action. Count one alleges a breach of the Agreement. Defendants do not move to dismiss that portion of count one that claims compensation for late payment of Plaintiff's

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

United States Magistrate Judge Gabriel W. Gorenstein, to whom this matter was referred, issued a thorough and comprehensive report and recommendation, dated October 28, 2002 ("Report"), recommending that "defendants' motion to dismiss Kleinberg's first, second and third causes of action should be granted with the exception of Kleinberg's claim to compensation for late payment of his severance benefits. Defendants' motion to dismiss the fourth cause of action—the request for attorney's fees—should be denied." Report at 21. Plaintiff and Defendants each filed objections to the Report on November 18, 2002 ("Pl. Obj." and "Def. Obj.", respectively) and each filed responses to the others' objections on December 10, 2002.

## II. Standard of Review

A district court evaluating a magistrate's report may adopt those portions of the report to which no "specific, written objection" is made, as long as those sections are not clearly erroneous. Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.*, 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a 'specific written objection' within '[ten] days after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." *Cespedes v. Cough-*

severance benefit. *See* Report at 7. Count two alleges a breach of Plaintiff's January 4, 1997 employment letter. Count three asserts a promissory estoppel claim. Count four seeks declaratory relief for compensation due under Agreement including, *inter alia,* the unpaid portion of Plaintiff's severance and attorneys' fees.

*lin,* 956 F.Supp. 454, 463 (S.D.N.Y.1997) (quoting *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate. *See DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y. 1988).

### III. Analysis

The Court has conducted a *de novo* review of the Report, the record, applicable legal authorities, the objections and the responses.[3] In their objections (and responses), Plaintiff and Defendants raise substantially the same arguments that they advanced before Magistrate Gorenstein. None of the objections provides a basis for departing materially from the Report.

### A. Plaintiff's Objections

■ Plaintiff's principal objection is that Magistrate Gorenstein erred in finding that Defendants' post-contract promises to Plaintiff were unenforceable. Pl. Obj. at 5. ("[T]he Complaint alleges in detail the specific pre- and post-contract promises made by Defendants, and Plaintiff's detrimental reliance upon those promises.") Specifically, Plaintiff argues that the Chief Executive Office of Enhance promised him that if there were a change in control of Singer (which, in fact, occurred in 2000), that would trigger (the same) severance benefits for Plaintiff under the Agreement as

would a change in control at Enhance (which, in fact, occurred in 2001). Pl. Obj. at 5–6.[4]

Magistrate Gorenstein correctly determined that any reliance by Plaintiff on such an oral contract interpretation "was not reasonable precisely because this action involves an unambiguous and comprehensive contract (which had been amended by the parties three times prior to its execution) that expressly precluded oral modification."[5] Report at 18. Further, the Agreement clearly and unambiguously defines a change in control as occurring at the parent company, Enhance, not the subsidiary, Singer. *See, e.g.,* Agreement at § X.7(c) (" 'Change in Control' shall occur when ... [t]he shareholders of the Company [Enhance] approve a plan to sell or otherwise dispose of all or substantially all of the Company's assets or adopt a plan for the Company's liquidation."); *see also Freeman v. MBL Life Assurance Corp.,* 60 F.Supp.2d 259, 264 n. 2 (S.D.N.Y.1999) ("Under New York law, an unambiguous contract precludes a plaintiff's promissory estoppel claim based upon a subsequent inconsistent written or oral representation. Hence, any reliance upon such mistaken representation is unreasonable as a matter of law.").

### B. Defendants' Objections

■ Defendants object to the Report insofar as it "does not recommend dismissing plaintiff's attorneys' fees claims, based on the Attorneys' Fees Provision [in the

---

**3.** The facts of Magistrate Gorenstein's Report are incorporated herein by reference.

**4.** If the Agreement encompassed a change in control at Singer, then Plaintiff's pro-rata bonus would have allegedly been "at least $411,250" higher because it would have been calculated using Kleinberg's 1999 bonus of $500,000 rather than his 2000 bonus of $125,000. *See* Complaint at 20; *see also* Report at 5–6.

**5.** *See* Agreement at § IX.1 ("No provision of this agreement may be amended, modified, waived or discharged unless such amendment, modification, waiver or discharge is approved by the Board and is agreed in writing and signed by the Executive and such officer of [Enhance] as may be specifically designated by the Board subsequent to the Board's approval of such amendment, modification waiver or discharge.")

Agreement] that plaintiff be compensated for his reasonable attorney fees in connection with a 'bona fide dispute.'" Def. Obj. at 5. Defendants argue that the Plaintiff's claims were based on an alleged promise outside the Agreement and, therefore, "do not arise under the Agreement," Def. Obj. at 6, and that Plaintiff's "substantive claims are legally baseless, were properly recommended to be dismissed in the Report, and as such are not bona fide." Def. Obj. at 11.

The Court concurs with Magistrate Gorenstein to the extent that he recommends that it is premature to determine Plaintiff's claim for attorneys' fees. Discovery and fact-finding are necessary to determine whether the attorneys' fees requested in this case are bona fide and reasonable.[6] *See, Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir.1994) ("The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.").

Any objections, by either party, not specifically addressed herein have been considered and rejected *de novo.*

## IV. Conclusion

For the reasons stated herein and therein, the Court adopts the Magistrate's Report [31] in all material respects. Defendants' motion to dismiss is granted as to counts one (with the exception of Plaintiff's claim for late payment of severance), two and three. Defendants' motion to dismiss count four (for attorneys' fees) is denied.

The parties are directed to participate in a status conference with respect to open issues on Friday, January 3, 2003 at 3:30 p.m., in Courtroom 706 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**

---

**6.** As of December 8, 2002 Plaintiff's attorneys' fees were $246,042.53. *See* Letter from Kenneth W. Taber, dated December 10, 2002.