**Shirley Ann FISK, Plaintiff,**

**v.**

**David LETTERMAN, Worldwide Pants, Summer M. Redstone, Leslie Moonves, Mel Karmazin, Viacom Inc., CBS Inc., City of New York, William Delace, Michael Z. McIntee, Project Help, DR. John Doe, John Joe, Officer J. Soe, Dr. Koe, Dr. Ricardo Castaneda, Dr. Steven Ciric, Dr. William Roman, Susan Kolcun, Delsa Best, Grace Mones, State of Connecticut, Does 1–30, Defendants.**

**No. 04 Civ. 6972(VM).**

United States District Court,
S.D. New York.

March 28, 2006.

---

Shirley Ann Fisk, Norwalk, CT, Pro se.

Gayle Chatilo Sproul, Lvine, Sullivan, Koch & Schulz, LLP, Janice Casey Silverberg, New York City Law Department Office of the Corporation Counsel, New York City, Diane K. Kanca, McDonough, Marcus, Cohn, Heller & Kanca, New Rochelle, NY, Delsa Best, Jonathan N. Francis, Arnold & Porter, LLP, New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Plaintiff Shirley Ann Fisk ("Fisk") brought this action under 42 U.S.C. § 1983 (" § 1983") against defendant Delsa Best ("Best") and various private individuals and corporations, state officials and unidentified defendants (collectively, "Defendants"). Fisk alleges that she was falsely accused of stalking television show host David Letterman and that, in connection with an involuntary psychiatric commitment of her, Defendants conspired to deprive her of civil rights guaranteed by the United States Constitution. She also filed

related state law claims. With regard to Best, Fisk asserted claims of intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, and civil conspiracy. Before the Court is Best's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") to dismiss the complaint for failure to state a claim upon which relief can be granted.

In a previous ruling in this case, the Court granted the Rule 12(b)(6) motion made by defendants David Letterman, Leslie Moonves, Mel Karmazin, William Delace, Michael McIntee, Sumner Redstone, Viacom Inc., CBS Broadcasting Inc. (named as "CBS Inc."), and Worldwide Pants Inc. (collectively, the "CBS Defendants"), to dismiss the complaint.[1] The Court also granted the motion of defendant Susan Kolcun for dismissal on the same basis, as well as that of defendants Grace Mones and the State of Connecticut on various other grounds.

By Order dated February 23, 2006, Magistrate Judge James C. Francis IV, to whom this matter had been referred for pretrial supervision, issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated hereto, recommending that the Court grant Best's motion to dismiss the various claims Fisk's complaint asserts as to her. Fisk's time to submit objections to the Report expired on March 9, 2006. To date, Fisk has not filed any response or requested any extension. For the reasons stated below, the Court adopts the Report in its entirety and grants Best's motion.

## II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. See Fed. R.Civ.P. 72(b); *Kleinberg v. Radian Group, Inc.,* 240 F.Supp.2d 260, 261 (S.D.N.Y.2002); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y. 1997). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See 28 U.S.C. § 636(b)(1); *DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988).

## III. DISCUSSION

The Court finds that the facts set forth in the Report are supported by the record and are thus incorporated herein by reference. Having conducted a review of the full record, including, among other things, the complaint and the parties' other relevant submissions on the record of the instant motion, the Report and the legal grounds upon which its conclusions are based, as well as other applicable legal authorities, the Court determines that the findings, reasoning and legal support for the recommendations made in Report are not clearly erroneous.

■ In her amended complaint Fisk's sole allegation against Best, a social worker employed by Lenox Hill Neighborhood House ("Lenox Hill"), is that on the date of some of the events at issue in this action Best, citing "red tape," informed Fisk that she would not be able to return to Lenox Hill's Women's Shelter, a facility for homeless persons where Fisk had been residing. (Amended Compl. ¶ 73.) In opposing the

---

1. The Court's ruling as set forth in a Decision and Order is reported as *Fisk v. Letterman,* 401 F.Supp.2d 362 (S.D.N.Y.2005).

motion, Fisk elaborated that Best refused to allow her to return to the Lenox Hill shelter even after being contacted by Fisk's doctor and attorney, thereby prolonging Fisk's alleged unlawful imprisonment at the City of New York's Bellevue Hospital ("Bellevue") for several weeks. (See Report, at 3.)

The Report recognizes governing state law doctrine regarding the elements of the causes of action Fisk asserts. The Court finds that the Report properly applies the relevant case law to the facts alleged by Fisk and that it correctly concludes that there is no legal basis to support any of the claims Fisk asserts. The events Fisk describes as they pertain to Best—denial of an opportunity to return to the Lenox Hill shelter allegedly on account of "red tape"—does not rise to the "high threshold" of "extreme and outrageous conduct" necessary to establish a claim for intentional infliction of emotional distress. *See Bender v. City of New York,* 78 F.3d 787, 790 (2d Cir.1996) (citing *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86, 90 (1983)) (conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society]' ") (alteration in original) (quoting Restatement of Torts, Second, § 46 cmt. d (1965)).

The Court is also persuaded, substantially for the reasons set forth in the Report, that Fisk's pleadings and papers responding to the instant motion fail to establish allegations sufficient to defeat a motion to dismiss Fisk's remaining claims.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Court adopts in its entirety the Report and Recommendation of Magistrate Judge James F. Francis IV dated February 23, 2006 (Docket No. 82); and it is further

**ORDERED** that the motion of defendants Delsa Best (Docket No. 61) to dismiss the complaint is GRANTED.

**SO ORDERED.**

### *REPORT AND RECOMMENDATION*

FRANCIS, United States Magistrate Judge.

To The Honorable Victor Marrero, U.S.D.J.

Shirley Ann Fisk brings this action under 28 U.S.C. § 1983, alleging violation of her civil rights in connection with her involuntary commitment for psychiatric treatment. She has also asserted pendent state law claims. Defendant Delsa Best now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint for failure to state a claim insofar as it relates to her. For the following reasons, I recommend that the motion be granted.

*Background*

The facts as alleged in the amended complaint are discussed at length in my prior Report and Recommendation and in the decision of the Honorable Victor Marrero, U.S.D.J. adopting my recommendation in part. *Fisk v. Letterman,* 401 F.Supp.2d 362 (S.D.N.Y.2005). Accordingly, I will summarize those facts only briefly.

Ms. Fisk resided at the Lenox Hill Women's Shelter during the summer of 2002. She asserts that in July 2002 she was taken to Bellevue Hospital for psychiatric treatment as the result of false allegations that she had been stalking David Letterman, the late-night talk show host.

After her release from the hospital, Ms. Fisk commenced the instant action. She alleges that Mr. Letterman, Leslie Moonves, Mel Karmazin, William Delace, Michael McIntee, Sumner Redstone, Viacom, Inc., CBS Broadcasting, Inc., and Worldwide Pants, Inc. (collectively, the "CBS Defendants") falsely reported that she had harassed Mr. Letterman and that they conspired with others to violate her civil rights. Ms. Fisk also alleges that a number of employees of the City of New York violated her rights by effecting her involuntary commitment and that Susan Kolcun, an attorney appointed to represent her at a hearing concerning her continued commitment, provided inadequate assistance of counsel. The plaintiff further implies that the State of Connecticut and Grace Mones, a social worker employed by the State (collectively, the "Connecticut Defendants"), were responsible for providing false information that contributed to the determination to commit her. All claims against the CBS Defendants, Ms. Kolcun, and the Connecticut Defendants have been dismissed, while the claims against the employees of the City of New York remain pending.

The claim against the moving defendant, Delsa Best, consists of a single paragraph of the amended complaint:

> On August 29, 2002 Plaintiff returned to the CITY shelter, Lenox Hill Women's Shelter and Plaintiff picked up her mail and spoke to CITY social worker, BEST. BEST informed Plaintiff that she would now be able to return to the CITY's Lenox Hill Women's Shelter. Plaintiff had not been allowed to return directly from CITY's Bellevue Hospital because of CITY "red tape" according to CITY employee, Defendant Best.

(Amended Complaint, ¶ 73). However, in response to Ms. Best's motion to dismiss, Ms. Fisk has elaborated on her claim. She now alleges that

> social worker Delsa Best refused to allow Plaintiff to return to the homeless shelter operated by her employer, Lenox Hill Neighborhood House, when contacted by Plaintiff's doctor, Defendant ROMAN, and by Plaintiff's attorney, Defendant KOLCUN. Delsa Best cited "red tape" and refused to allow Plaintiff to return to the Lenox Hill Women's Shelter thereby extending Plaintiff's unlawful incarceration at CITY's Bellevue Hospital for several weeks.

(Memorandum of Law of Plaintiff Pro Se Shirley Ann Fisk in Opposition to Motion to Dismiss of Defendant Delsa Best (the "Plaintiff's Memorandum in Opposition"), at 2). Ms. Best argues that these allegations fail to state a claim.

*Discussion*

■ In considering a motion to dismiss, the court must accept as true all factual allegations in the complaint and must draw all inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999); *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994). Accordingly, the complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). These principles are applied even more strictly where the plaintiff alleges civil rights violations, *Hernandez,* 18 F.3d at 136; *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991), particularly where she is proceeding *pro se. Haines v. Kerner,* 404

U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999).

Ms. Fisk's amended complaint asserts claims of intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), false imprisonment, and civil conspiracy. However, the plaintiff has failed to state a claim against Ms. Best under any of these theories.

### A. *Intentional Infliction of Emotional Distress*

■ "The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York,* 78 F.3d 787, 790 (2d Cir.1996); *accord Silver v. Kuehbeck,* No. 05 Civ. 35, 2005 WL 2990642, at *7 (S.D.N.Y. Nov. 7, 2005); *Howell v. New York Post Co.,* 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699 (1993). It is beyond dispute that the allegations in the amended complaint—that Ms. Best told Ms. Fisk that "red tape" had delayed her return to the Lenox Hill Women's Shelter but that she could now go back—do not satisfy these elements.

■ The question then arises whether the allegations contained in the Plaintiff's Memorandum in Opposition should also be considered. Generally, a party may not amend her pleadings simply by responding to a motion to dismiss. *See, e.g., Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir.1998); *Fadem v. Ford Motor Co.,* 352 F.Supp.2d 501, 516 (S.D.N.Y.2005). However, it is necessary to evaluate Ms. Fisk's potential claims to determine whether, on the one hand, her complaint should be dismissed without prejudice so that she

has an opportunity to amend, or, on the other hand, the complaint should be dismissed with prejudice because any attempt to submit a further amended pleading would be futile. *See Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993).

The new assertions Ms. Fisk has made in response to the motion to dismiss also fail to state an IIED claim. Even if Ms. Best denied the plaintiff an opportunity to return to the Lenox Hill Shelter and even if she falsely claimed that this was because of "red tape," her conduct was not so extreme or outrageous to be actionable as an intentional infliction of emotional distress. Therefore, the plaintiff's IIED claim should be dismissed with prejudice.

### B. *Negligent Infliction of Emotional Distress*

■ In order to state a claim for negligent infliction of emotional distress, a plaintiff must allege that she was owed a duty, that the defendant breached that duty, and that the plaintiff suffered emotional injury as a result. *See Green v. Leibowitz,* 118 A.D.2d 756, 757, 500 N.Y.S.2d 146, 148 (2d Dep't 1986). In addition, the defendant's conduct must have unreasonably endangered the plaintiff's physical safety. *Id.* at 757, 500 N.Y.S.2d at 148.

■ Again, Ms. Fisk has failed, both in her amended complaint and in her papers submitted on this motion, to plead the critical elements. The inference most favorable to the plaintiff that can be drawn from her representations is that Ms. Best refused to admit her to the Lenox Hill Women's Shelter and then misrepresented the basis for doing so. Yet there is no basis for concluding that Ms. Best had a duty to provide the plaintiff with shelter in the first place or to explain accurately any

reason for failing to do so. Therefore, Ms. Fisk has not stated an NIED claim.

## C. *False Imprisonment*

 Nor has the plaintiff stated a claim against Ms. Best for false imprisonment. The elements of such a claim are that (1) the defendant, with the necessary intent, confined, detained, or restrained the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent; and (4) the confinement was not otherwise privileged. *Broughton v. State*, 37 N.Y.2d 451, 456–57, 373 N.Y.S.2d 87, 93, 335 N.E.2d 310 (1975). Ms. Fisk has not alleged that Ms. Best restrained her in any respect, only that this defendant failed to provide her with shelter. Thus, Ms. Fisk cannot satisfy even the first element of her false imprisonment claim.

## D. *Civil Conspiracy*

 Finally, the plaintiff's claim of civil conspiracy also fails with respect to Ms. Best.

New York law only recognizes an action for civil conspiracy if it is connected to a separate underlying tort. The New York Court of Appeals has made it clear that "[a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort...." *Alexander & Alexander Inc. v. Fritzen*, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546, 547, 503 N.E.2d 102 (1986) (internal quotations and citations omitted). Thus, "plaintiff may plead the existence of a conspiracy ... to demonstrate that each defendant's conduct was part of a common scheme." *World Wrestling Federation Entertainment, Inc. v. Bozell*, 142 F.Supp.2d 514, 532–533 (S.D.N.Y.2001) (citation omitted). To establish a claim of civil conspiracy, plaintiff must demonstrate the underlying tort, plus the following four

elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury. *Id.* *Treppel v. Biovail Corp.*, No. 03 Civ. 3002, 2004 WL 2339759, at \*19 (S.D.N.Y. Oct. 15, 2004).

 As discussed above, Ms. Fisk has failed to adequately allege that Ms. Best committed any independent tort against her. Moreover, "'complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy ... are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'" *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir.2002) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)). Thus, even if Ms. Fisk had adequately pled an independent tort, she has offered no more than conclusory assertions of Ms. Best's involvement in the purported conspiracy, and her civil conspiracy claim must therefore be dismissed.

## *Conclusion*

For the reasons discussed, I recommend that the motion of Delsa Best be granted and all claims against her be dismissed. Because the information that the plaintiff has provided in her response to the motion demonstrates that any further attempt to amend her pleadings would be futile, the dismissal should be with prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honor-

able Victor Marrero, Room 414, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.