**Carlyle BYRON, Plaintiff,**

v.

**GENOVESE DRUG STORES, INC. d/b/a Rite Aid, Defendant.**

**No. 12–CV–393 (ADS)(AKT).**

United States District Court, E.D. New York.

Oct. 27, 2012.

David Abrams, Attorney at Law, by David Abrams, Esq., of Counsel, New York, NY, for the plaintiff.

Epstein Becker & Green, P.C., by Patrick G. Brady, Esq., Suzanne Kathleen Brown, Esq., of Counsel, Newark, NJ, for the defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On January 27, 2012, the plaintiff Carlyle Byron ("the Plaintiff") commenced this action ("*Byron II* ") by filing a Complaint against defendant Genovese Drug Stores, Inc. d/b/a Rite Aid ("the Defendant"), seeking a judgment against the Defendant for, among other things, his unpaid compensation and overtime, lost wages, compensatory damages and punitive damages. The Plaintiff claimed that the Defendant violated the Fair Labor Standards Act ("FLSA"), the New York Minimum Wage Act, the New York State Human Rights Law ("NYSHRL") and the Civil Rights Act of 1866. In addition, the Plaintiff seeks a judgment for the cost and fees involved in his prosecution of *Byron v. Rite Aid of New York*, E.D.N.Y. Civil Action No. 10–CV–3313 ("*Byron I* "), in which he brought "substantially similar"

allegations against the Defendant. (Pl. Compl., ¶ 2.)

Presently before the Court is a motion by the Defendant to dismiss portions of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(6). Specifically, the Defendant moves to dismiss (1) those portions of the Plaintiff's Complaint that raise claims from the Plaintiff's previously dismissed Complaint in *Byron I*; and (2) the Plaintiff's claim for costs and attorneys' fees involved in litigating *Byron I*. For the reasons set forth below, the motion is denied in part and granted in part.

## I. BACKGROUND

### A. Underlying Facts

The following facts are derived from the Plaintiff's Amended Complaint, filed on May 27, 2012. In the resolution of this motion, the facts are construed in the light most favorable to the Plaintiff.

The Plaintiff is black and his national origin is Nevis in the Federation of St. Kitts and Nevis. Until his termination in April 2010, he was employed as a co-manager by the Defendant, which operates a retail drug store. As a co-manager, his responsibilities included straightening the store; unloading trucks and unpacking merchandise; assigning cashiers to registers; and taking cash receipts to the bank to make deposits. The Plaintiff's Amended Complaint does not provide any information regarding when the Plaintiff started working for the Defendant or for how long the Plaintiff was employed by the Defendant.

According to the Plaintiff, he was not paid a proper overtime premium for work in excess of 40 hours per week. The Plaintiff claims he worked about 10 to 20 overtime hours per week but was paid a weekly salary of approximately $760 with no overtime premiums. The Plaintiff's Amended Complaint does not specify how many weeks he worked in excess of 40 hours.

At some point in 2009, the Plaintiff began working under a female manager named Sharifa Ally, who was Guyanese in origin and South Asian in ethnicity. Subsequently Arjune Ganesh, also Guyanese, started to work for the Defendant as a stock person. The Plaintiff alleged that Ms. Ally exercised favoritism toward Mr. Ganesh. For example, Ms. Ally ignored the fact that Mr. Ganesh was regularly present on the premises outside his working hours. Ms. Ally also wrote up the Plaintiff and accused him of yelling at Mr. Ganesh after the Plaintiff had questioned Mr. Ganesh for punching in early. During this time, two assistant managers worked under Ms. Ally, one white and one Hispanic and neither of the same national origin as the Plaintiff.

The Plaintiff was discharged by the Defendant in or about April 2010 for his alleged poor job performance. The Plaintiff, however, asserts that his job performance during the relevant time period was at least as good as that of the assistant managers. The Plaintiff contends that he was treated less favorably because of his race and national origin and that he was fired in part so that Mr. Ganesh could be promoted to the Plaintiff's former job duties.

### B. The Craig Action

On December 29, 2008, a collective action was commenced against the Defendant in the United States District Court for the Middle District of Pennsylvania (*Shirley Craig v. Rite Aid*, M.D. Pa Civil Action No. 08–cv–2317, Dkt. No. 1, hereinafter referred to as "the *Craig* action.") The complaint in the Craig action alleged that the Defendant violated the FLSA by,

among other things, misclassifying assistant store managers as exempt from the FLSA requirement that workers receive overtime premium pay calculated at one and one-half-times their regular rate of pay for all hours worked over 40 during the workweek. (*Craig*, Dkt. No. 1.)

On April 27, 2010, the Plaintiff filed a consent to become a party plaintiff in the *Craig* action. (*Craig*, Dkt. No. 165.) On October 7, 2011, the Plaintiff's claims in the *Craig* action were dismissed with prejudice, because it was determined that the Plaintiff did not work for the Defendant as an assistant store manager during the time period commencing three years prior to the date on which he joined the action. (*Craig*, Dkt. Nos. 433, 445.) On December 5, 2011, the Plaintiff withdrew his consent to join the *Craig* action. (*Craig*, Dkt. No. 492.)

### C. Byron I

On July 20, 2010, the Plaintiff commenced an action against the Defendant in the United States District Court for the Eastern District of New York for unpaid overtime under the FLSA and New York Wage and Hour Regulations. (*Byron I*, Dkt. No. 1.) He also asserted a claim for unlawful discharge under the New York City Human Rights Law. (*Byron I*, Dkt. No. 1.) The *Byron I* Complaint alleged similar factual allegations as those raised in the instant action (*Byron I*, Dkt. No. 1.)

On July 5, 2011, the Defendant moved for summary judgment or, in the alternative, to dismiss pursuant to Fed.R.Civ.P. 12(c). (*Byron I*, Dkt. No. 24.) On October 14, 2011, the District Court (Weinstein, J.) dismissed all of the Plaintiff's claims without prejudice. (*Byron I*, Dkt. No. 36.) Specifically, the Court held:

> Plaintiff is a member of the class in a previously filed collective action seeking essentially the same relief under the

federal statute, FLSA § 216. *See Shirley Craig v. Rite Aid*, Civil Action No. 08–cv–2317 (action filed Dec. 29, 2008) (M.D. Pa). That suit challenges Rite Aid's characterization of its Assistant Managers as "bona fide executive, administrative, or professional" employees, exempted from FLSA's overtime provisions. Because the parties and claims are identical, pursuant to the "prior pending suit" doctrine, plaintiff's federal claim is dismissed without prejudice.

> Plaintiff also seeks compensation for overtime wages in violation of NYCRR Labor Law § 142 and compensatory and punitive damages under NYCHRL for discriminatory employment practices. Both of these claims turn on New York State and New York City Law. Supplemental jurisdiction is declined; both nonfederal claims are dismissed without prejudice. 28 U.S.C. § 1367(c)(3).

(*Byron I*, Dkt. No. 36.)

On March 22, 2012, the Plaintiff moved for an Order amending the Judgment in the *Byron I* matter pursuant to Fed. R.Civ.P. 60(b)(3). (*Byron I*, Dkt. Nos. 40, 41.) The Plaintiff alleged that the "dismissal of *Byron I* was achieved as a result of apparently false statements made by Defendant's counsel regarding a collective FLSA action pending in Pennsylvania." (*Byron I*, Dkt. No. 41.) More particularly, the Plaintiff claimed that at oral argument on October 12, 2011, the Defendant took the position that the Plaintiff was a member of a putative class action pending in Pennsylvania, even though the Plaintiff was actually dismissed from that action on October 7, 2011. (*Byron I*, Dkt. No. 41.) The Plaintiff requested the Court modify its earlier judgment in order to provide that (1) the Defendant be prevented from raising any defense in the *Byron II* case that was based on statute of limitations or on the *Craig* action; and (2) the Defendant

be required to pay all of the Plaintiff's costs and fees from the *Byron I* case at the conclusion of the *Byron II* case, regardless of the outcome in the *Byron II* case. (*Byron I*, Dkt. No. 41.)

On April 5, 2012, the Defendant filed its opposition to the Plaintiff's motion. (*Byron I*, Dkt. No. 42.) According to the Defendant, its counsel did not engage in any fraud, misrepresentation or misconduct. (*Byron I*, Dkt. No 42.) The Defendant further argued that the Plaintiff's dismissal in the *Craig* action had no effect on the Court's dismissal in *Byron I*, but rather was consistent with, and provided an alternative basis for, the Court's dismissal in *Byron I*, since the Plaintiff's claims were dismissed with prejudice in the *Craig* action. (*Byron I*, Dkt. No. 42.) Lastly, the Defendant contended (1) that the amendment sought by the Plaintiff was improper and (2) that since the Plaintiff was in the best position to know of his dismissal from the *Craig* action, he could not claim impropriety on the part of the Defendant's counsel. (*Byron I*, Dkt. No. 42.)

The Court (Weinstein, J.) issued an Order, dated April 12, 2012, in which it denied the Plaintiff's motion for relief from judgment under Fed.R.Civ.P. 60(b)(3). (*Byron I*, Dkt. No. 44.) The Court held that "there [was] no substantial basis for a finding of fraud, misrepresentation or misconduct by the defendant" and that "there [was] no other reason justifying the relief sought." (*Byron I*, Dkt. No. 44.)

### D. *Byron II and the Defendant's Motion to Dismiss*

The Plaintiff commenced the instant action by filing his Complaint on January 27, 2012. His Original Complaint in this action alleged substantially similar factual allegations as was set forth in his *Byron I* Complaint with respect to (1) the Defen-

dant's failure to properly pay him overtime premium for work in excess of 40 hours per week and (2) the Defendant's discrimination against him on the basis of his race, ethnicity and/or national origin. Moreover, as in *Byron I*, the Plaintiff asserted a claim under the FLSA. However, unlike *Byron I*, the Plaintiff's Original Complaint in this action did not raise claims under the New York Wage and Hour Regulations or the NYCHRL, but instead asserted claims under the FLSA, the New York Minimum Wage Act, the NYSHR and the Civil Rights Act of 1866. (*See Byron I*, Dkt. No. 1.)

On May 14, 2012, the Defendant moved to dismiss portions of the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), arguing, among other things, that the Plaintiff failed to satisfy his minimal pleading obligations. Specifically, the Defendant took issue with the following paragraphs in the Plaintiff's Original Complaint:

■ Paragraph 2: "The allegations in this matter against the corporate Defendant are substantially similar to those made in previous litigation, specifically case number 10 cv 3313 (E.D.N.Y.) ("Byron I"). Plaintiff incorporates by reference his allegations, disclosures, and filings from Byron I."

■ Paragraph 3: "The Byron I matter was dismissed without prejudice as a result of false statements made by the [Defendant]."

■ Paragraph 27: "The [Defendant's] counsel appeared in the Craig Action in or about April of 2011 and was therefore aware that the [Defendant] was taking contradictory positions in the two actions."

■ Paragraph 28: "This course of conduct culminated on October 12, 2011

at oral argument in the Byron I matter when the [Defendant's] counsel was asked pointblank by Judge Weinstein if there was a pending federal action of which [the Plaintiff] was a putative member."

- Paragraph 29: "The [Defendant's] counsel responded to this question in the affirmative even though [the Plaintiff] had been dismissed from that action a week earlier."

- Paragraph 30: "As a result of the above statements, Judge Weinstein dismissed Byron I without prejudice. Thus [the Plaintiff] will be required to expend substantial additional effort in terms of time and costs prosecuting his claims."

- WHEREFORE Paragraph: "Plaintiff demands judgment against the [Defendant] in the amount of his unpaid compensation and overtime, lost wages, punitive damages, compensatory damages, the cost and fees involved in prosecuting Byron I, and other multiple damages, costs fees, interest; and such other further relief that the Court deems just."

Objecting primarily to the Plaintiff's incorporation by reference of the *Byron I* proceedings, the Defendant requested that these above mentioned paragraphs from the Plaintiff's Original Complaint be dismissed or, in the alternative, that the Plaintiff be required to amend his Complaint. In addition, the Defendant filed its Answer to the Original Complaint on May 14, 2012, but only addressed those paragraphs that were not subject to its motion to dismiss.

In response to the Defendant's motion to dismiss, the Plaintiff filed an Amended Complaint on May 27, 2012, in which he voluntarily deleted or modified most of the provisions objected to by the Defendant. The changes include the following:

- The second sentence in Paragraph 2 of the Original Complaint, which incorporated by reference the Plaintiff's allegations, disclosures and filings from *Byron I*, is omitted in the Amended Complaint.

- The "false statements" accusation in Paragraph 3 of the Original Complaint is omitted in the Amended Complaint. This paragraph now reads "The Byron I matter was dismissed without prejudice as a result of representations made by the [Defendant] as to [the Plaintiff's] participation in a collective action."

- Paragraph 26 adds new language, italicized here: "Meanwhile, in Byron I, the [Defendant] took the position that [the Plaintiff's] claims should be dismissed on the ground that he had joined the Craig Action *and [the Plaintiff's] claims were indeed dismissed as a result of this position.*"

- Paragraphs 27 through 30 from the Original Complaint are all omitted from the Amended Complaint. A new paragraph 27 states, "Since Byron I has been dismissed, and since the claims in this matter are very similar to those of Byron I, the efforts spent on behalf of [the Plaintiff] in Byron I will save time and energy in this matter and will therefore likely be necessary and useful for such savings."

The Amended Complaint's WHEREFORE paragraph, however, remains unaltered from the wording of the Original Complaint.

In his opposition to the Defendant's motion to dismiss, also filed on May 27, 2012, the Plaintiff argues that his Amended Complaint makes the primary objections in the Defendant's motion to dismiss moot,

because it deletes those portions that incorporated by reference the *Byron I* proceedings. The Plaintiff further contends that he is entitled to recover attorneys' fees arising from *Byron I*.

The Defendant in its reply, filed June 1, 2012, asserts that the Plaintiff's Amended Complaint is insufficient to overcome its motion to dismiss. The Defendant raises concerns that, even as amended, the Plaintiff's Complaint may imply misrepresentation or wrongdoing by the Defendant in the *Byron I* proceeding. In addition, the Defendant argues that the Plaintiff is not entitled to recover attorneys' fees or costs for work done in *Byron I*. On July 11, 2012, the Defendant filed its Answer to the Plaintiff's Amended Complaint, but again did not address those paragraphs that are subject to its motion to dismiss.

## II. DISCUSSION

### A. Legal Standard under Fed.R.Civ.P. 12(b)(6)

It is well-established that a complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In deciding whether a complaint meets this threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d

142, 150 (2d Cir.1993); *see also Karmilowicz v. Hartford Fin. Servs. Group*, No. 11–3284–cv, 2012 WL 3734449, at *2–3, 2012 U.S.App. LEXIS 18394, at *5–6 (2d Cir. Aug. 30, 2012). Moreover. "[w]hen a plaintiff amends its complaint while a motion to dismiss is pending, . . . the 'court then has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F.Supp.2d 376, 384 (D.Conn.2008) (citation and internal quotation marks and altercations omitted). Only if this Court is satisfied that the Complaint cannot state any set of facts that would entitle the Plaintiff to relief will it grant dismissal pursuant to Rule 12(b)(6). *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir.1993).

### B. As to Whether the Plaintiff's Amended Complaint Renders Moot the Defendant's Primary Objections in its Motion to Dismiss.

In its original motion papers, the Defendant's main objection to the Plaintiff's Complaint was that, due to his "sweeping incorporation by reference" of the *Byron I proceeding*, the Plaintiff had failed to satisfy his minimal pleading obligations. (Def. Mem. in Support, pg. 9.) The Defendant argued that *Byron I* included contradictory factual assertions, which would make it difficult for both the Defendant and the Court to determine which factual assertions should be accepted as true and which reasonable inferences should be drawn in the Plaintiff's favor. The Defendant also contended that incorporation by reference of those claims in the *Byron I* Complaint that failed to state a claim rendered the *Byron II* Complaint contrary to the pleading standards articulated in *Twombly* and *Iqbal*.

By eliminating all the incorporation by reference in the Original Complaint, the Plaintiff's Amended Complaint essentially rectifies those problems that were raised by the Defendant in its original motion papers. In fact, the Defendant even acknowledges in its reply that it had sought, as an alternative form of relief, an order directing the Plaintiff to amend his Complaint in this matter. As such, the Court finds that the Defendant's motion to dismiss with respect to these initial issues is moot. *See Illiano v. Mineola Union Free Sch. Dist.,* 585 F.Supp.2d 341, 349 (E.D.N.Y.2008) ("When a plaintiff amends its complaint while a motion to dismiss is pending the court may deny the motion as moot or consider the merits of the motion in light of the amended complaint.") (citation and internal quotation marks and altercations omitted).

■ However, in its reply, the Defendant maintains that the subject paragraphs, even as amended, are insufficient to overcome its motion to dismiss. First, the Defendant contends that Paragraph 2 of the Amended Complaint is still defective, because although it deletes the sentence that incorporated by reference the *Byron I* proceedings, it continues to assert that the allegations in *Byron II* are substantially similar to those made in *Byron I.* This argument is without merit. While it is true that the Plaintiff's legal claims in *Byron II* differ in part from those that he brought in *Byron I,* both actions share identical factual allegations as they clearly arise from the same set of facts. Furthermore, in its *Byron I* opposition to the Plaintiff's motion for an order amending the judgment in *Byron I,* which the Defendant cites to in the instant case, the Defendant admitted that the Plaintiff in *Byron II* "makes substantially similar allegations" to the allegations he raised in *Byron I.* (*Byron I,* Dkt. No. 42.) Therefore, the

Court finds that there are no grounds for deleting Paragraph 2 from the Amended Complaint and sees no reason why the Defendant could not sufficiently address this concern through its Answer to the Plaintiff's Amended Complaint.

In addition, the Defendant argues that Paragraphs 3 and 26 are defective because they may imply that the Defendant engaged in wrongdoing at the *Byron I* proceeding, contrary to the Court's conclusion in *Byron I* that there was no misrepresentation on the part of the Defendant. However, despite the Defendant's contention, the amended language of Paragraphs 3 and 26 eliminates any suggestion that the Defendant's made misrepresentations in the *Byron I* action. Therefore, as the Plaintiff's Amended Complaint does not, in fact, raise any issues with respect to the Defendant's alleged misconduct in the *Byron I* proceeding, the Defendant's arguments in that regard are again moot. *See Illiano,* 585 F.Supp.2d at 349.

**C. As to Whether the Plaintiff May Raise a Claim for Costs and Attorneys' Fees Involved in Litigating *Byron I***

■ The Court also denies the Defendant's motion to dismiss the Plaintiff's claim for costs and attorneys' fees incurred in litigating *Byron I,* for "it is premature to determine Plaintiff's claim for attorneys' fees." *Kleinberg v. Radian Group, Inc.,* 240 F.Supp.2d 260, 263 (S.D.N.Y.2002); *see also LaRoss Partners, LLC v. Contact 911 Inc.,* 874 F.Supp.2d 147, 168 (E.D.N.Y. 2012).

The Defendant's reliance on the *Byron I* decision to deny the Plaintiff's request for attorneys' fees is misplaced. In *Byron I,* the Plaintiff took the position that he was entitled to attorneys' fees due to the Defendant's alleged misconduct. (*Byron I,* Dkt. No. 41.) Holding that "[t]here [was]

no substantial basis for a finding of fraud, misrepresentation, or misconduct by the defendant," the Court in *Byron I* denied the Plaintiff's request. (*Byron I*, Dkt. No. 44.)

Here, however, the Plaintiff's claim for attorneys' fees rests on a different legal theory, in which he suggests that he is "potentially" entitled to recover attorneys' fees arising from the *Byron I* litigation if it is determined that the work product from *Byron I*, which included the exchanging of documents, the taking of the Plaintiff's deposition and the full briefing of a summary judgment motion on the merits, turns out to be both useful and necessary to the instant action. It appears that some courts have, in certain circumstances, awarded attorneys' fees to a prevailing party for work done in a prior proceeding, including a separate lawsuit. *See G & G Fire Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893, 907–908 (9th Cir.1998) (holding that the plaintiff could recover attorneys' fees for work done in a prior lawsuit which was "directly related to the present action" in that the allegations in both suits were identical, even though the plaintiff did not prevail in the prior lawsuit), *rev'd on other grounds, G & G Fire Sprinklers, Inc. v. Lujan*, 255 F.3d 990 (2001); *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir.1993) (holding that "if the plaintiff can prove that the fees and expenses incurred in the other litigation resulted in work product that was actually utilized in the instant litigation, that the time spent on other litigation was inextricably linked to the issues raised in the present litigation, and the plaintiff has not previously been compensated for those fees and expenses, then the district court may include those fees and expenses in its fee award") (citation omitted and internal quotation marks omitted); *Khani v. Regence Blueshield*, No. C09–1067Z, 2011 WL 5588718, at *2, 2011

U.S. Dist. LEXIS 132455, at *8 (W.D.Wash. Nov. 16, 2011) (holding that "the Court may award attorney fees for Plaintiff's attorney's work" on "a separate but directly related lawsuit," because "Plaintiff's attorney's defense of Plaintiff in [the prior lawsuit] was service that would have been undertaken by a reasonable prudent lawyer to protect Plaintiff's interest" in the current lawsuit). Nevertheless, as the Plaintiff's claims have yet to be resolved, it is not necessary for the Court to determine at this juncture whether such an award of attorneys' fees would be appropriate in this case.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** the motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) is hereby denied.

**SO ORDERED.**